Brown *vs.* Kimbrough.

---

Sarah Margaret Brown, by next friend, plaintiff in error, *vs.* Elizabeth Kimbrough, administrator, *et al.*, defendants in error.

1. A deed was executed in 1861 by an administrator, for land purchased at his sale, reciting that J. B., as trustee for his wife, M. B., was the highest bidder. It then acknowledges the receipt of the purchase money from J. B., trustee for M. B., and conveyed the land to J. B., trustee for M. B., his successors in office and assigns:

*Held*, that the deed having been made by an administrator to the husband and accepted by him, a separate estate in the wife was thereby created, although there were no special words in the deed to that effect.

2. Such being the legal effect of the deed, a bill filed by the wife against vendees holding under her husband, with notice of the deed, for the purpose of canceling the conveyances executed to them, and charging that the land was paid for by her husband out of her separate estate, is not demurrable.

Trusts. Husband and wife. Deed. Before Judge JAMES JOHNSON. Talbot Superior Court. September Term, 1873.

Sarah M. Brown, by her next friend, David N. Burkhalter, filed her bill, making the following case:

On November 2d, 1858, her husband, Jack Brown, purchased from William M. Brown, as administrator upon the estate of Joseph T. Shelton, a certain tract of land in the county of Talbot, for the sum of $13,000 00, and paid for the same with money belonging solely and exclusively to complainant. The deed executed by the administrator was in the usual form. It recited that "Jack Brown, as trustee for his wife, Margaret Brown, being the highest bidder, the same was knocked off to him at the sum of $13,000 00." It then proceeds, "in consideration of $13,000 00, in hand paid to said William M., administrator, by said Jack Brown, trustee of Margaret Brown," to convey the said bargained premises to "the said Jack Brown, trustee of Margaret Brown, and his successors in office and assigns." No power of sale was vested by the deed in the trustee. Her said husband has sold various parcels of said land to different purchasers, who bought with full notice of the aforesaid trust, and all of whom were made parties defendant to the bill. These sales were made without the knowledge or consent of complainant. The land is of the yearly value of $3,000 00.

Prays that her said husband may be removed from the trust and some suitable person appointed in his place; that said purchasers may be decreed to be trustees for complainant as to the parcels of land respectively purchased by them; that she may recover of said purchasers rents and profits, and that the writ of subpœna may issue.

On demurrer, the bill was dismissed, and complainant excepted.

H. L. BENNING; M. H. BLANDFORD, for plaintiff in error.

E. H. WORRILL; WILLIS & WILLIS, for defendants.

Brown *vs.* Kimbrough.

TRIPPE, Judge.

1. By the ancient common law, it was thought to be an infringement upon the marital rights for a stranger to confer property upon a wife, independent of her husband, and over which he could have no control. This was because the husband became liable for his wife's debts, contracted before marriage; was also bound to maintain her and her children, and he was therefore entitled to the enjoyment of her property. It was finally settled, however, that gifts or settlements of this kind could be maintained where it clearly appeared that the intention of the settler was that the wife should have a separate estate: Perry on Trusts, secs. 646, 647. The foundation of the rule requiring that a clear and explicit intention must appear in order to exclude the husband, is the regard the law has for the husband's rights, growing out of his obligations. These rights he could waive or renounce, if he so desired. Tested by this rule, the deed in this case, if it had been made to a third person as trustee for the wife, would not have conferred a separate estate on the wife, and there would have been nothing in it to bar the rights of the husband, and to prevent the title from vesting in him. There are no such words used in the deed (independent of those conveying it to the *husband* as trustee,) as indicate that the land was intended to be for the sole and separate use of the wife: Hill on Trustees, 421; Perry on Trusts., secs. 648, 649.

2. Does the fact that the deed was made to the husband as trustee for his wife, and that he so bid off the land, bar his marital rights and create an estate in the wife? We think it does, upon principle and authority. When a conveyance is made by a stranger to a third person, as trustee for the wife, the husband has no part in the transaction. He is not an actor. He stands on his rights as husband. If, by clear and explicit intention, or by the use of the proper terms, a separate estate is created in the wife, she so takes, and his rights are barred. If this intention is not unequivocal, and as he has done nothing to estop him, his rights attach, and may be

asserted. ˙ But if he is the settler himself—if he executes a conveyance to a *trustee* for his own wife—it is a declaration by himself of his consent that his wife shall take.    He passes the title to another for his wife, and that simple act, without any technical or express words to prevent the title from at once revesting in himself, is sufficient to show his consent to waive or part with his rights as husband; else the whole transaction would be but a legal farce.    He cannot call upon the law, through its regard for his marital rights, to reassert for him what he has solemnly surrendered.    The difference between a deed made by the husband and one by a stranger, although the same terms may be used in both, is manifest, so far as this point is concerned, on the very face of the question. And the strict rule set up for the benefit of the husband, where a third person is the settler, has no reason for its application, when he himself is the actor and executes the conveyance. Accordingly, in *Johnson vs. Hines,* 31 *Georgia,* 720, it was held that a conveyance by the husband directly to the wife will be supported in equity in favor of the wife against her husband's representatives.    It is true the property in that case came through the wife, and that fact is referred to. by the court; but it was not the reason for the judgment.    So in Steele *vs.* Steele, 1 Iredell's Equity Reports, 452, it was ruled that a conveyance by a husband, in trust for his wife, was for her separate use.

The same reasoning and the same principle will apply in cases where the conveyance is to the husband as trustee for his wife, and so are the authorities.    In Darley *vs.* Darley, Hard-wicke, Lord Chancellor, said, " I am of opinion that where an estate is given to a husband for the wife, he may be considered as a trustee for her separate use: " 3 Atk., 399.    And yet the words "for the use of the wife," would not be sufficient to create a separate estate if the deed was to a stranger as trustee: Wills *vs.* Sayres, 4 Mad., 411; Darcy *vs.* Croft., 9 Iredell's Equity, 19; Tenant *vs.* Stoney, 1 Richard's Equity, 222; Johns *vs.* Lockhart, 3 Bro. Ch., 383, (*n ;*) Hill on Trustees, 421.    Kensington *vs.* Dolland, 2 Mylne & Keene, 184, was

Brown *vs.* Kimbrough.

a case where the husband was joined with another as trustee, and the purposes of the settlement went beyond the interest of the wife.   It was held that as there were two trustees, and as the intention to give a separate estate was not clear, the wife did not take a separate use.   But in the argument it was distinctly asserted "that where a bequest is made to a husband in trust for his wife, he is a trustee for her separate use."   This was not denied, and the only reply to it was, that "it could make no difference, for he (the husband) is associated with the other trustee, and must be taken therefore to be a trustee not for his wife alone, but for all the purposes of the settlement." *Ex parte* Beilby, 1 Glyn & Jam., 167, was cited in support of this reply where the decision was put on the ground that the husband was not the only trustee, but was associated with two others, not for that particular fund, but for all the purposes of the will.   The judgment in Kensington *vs.* Dolland seems distinctly to recognize the principle that if the husband had been the sole trustee for his wife, a separate estate would have been created, although there might have been no other words used expressly showing such intent.   Perry on Trusts, section 651, states the rule to be, "if the gift is to the husband and another, as trustees for the wife, it will not be to her separate use; but a gift to the husband alone, in trust for his wife, will be to her separate use."

The deed in this case recites that the husband, as trustee for his wife, bid off the land at the administrator's sale, and it is made to him in trust for her.   It could have been no matter of interest to the administrator, as such, how the deed was executed.   He could not, with strict legal propriety, be called the settler, whose intention should be looked to as the guide in construing the deed.   His duty was to sell according to law, to receive the money and execute a deed to the highest bidder.   As administrator, he could have had no will, desire or intention, to create a trust or a separate estate, or to do anything else but to convey the fee to the one who bid off the land and paid the money.   It would be absurd to look for his intention under the rule that has been stated.   There can be

no doubt but that the husband directed, dictated the convey-
ance, and the administrator only did as he was instructed, so
far as any trust at all was created.   This, at least, is the legal
inference.   To all legal intent and purpose, then, in constru-
ing this deed, the husband may be looked upon as both settler
and trustee.   We have seen if he make a conveyance in trust
for his wife, a separate estate is created, although such words
may not be used as are necessary when executed by a stranger;
and if he is appointed the trustee in the deed, the same rule
again applies.   It then comes with greater force when the
husband may be considered as filling both offices.   We are,
therefore, of opinion that there was error in sustaining the
demurrer and dismissing the bill.

Judgment reversed.