McQueen *et al. vs.* Fletcher.

McQueen *et al. vs.* Fletcher.

Where, in 1842, the father of a married woman conveyed certain
lands to her, but his deed was not such as to prevent the marital
rights of her husband from attaching, and where, subsequently,
a disagreement and separation having taken place between the

husband and wife, in order to induce her to return and cohabit with him, he, in 1845, made a deed to her to this and other property, and thereupon she returned and lived with him, although such deed did not name any trustee, and was without any words settling the property for the sole and separate use of the wife, yet it was the evident intention of the parties to create a trust in her favor, and from the time of the execution of the deed her possession became adverse to his, although he jointly occupied the land with her

(*a.*) Where after the death of the husband the wife sold and conveyed the property, her grantee obtained a good title thereto

(*b.*) In the absence of contest by any creditor or *bona fide* purchaser for value from the husband, a good consideration would be sufficient to support a conveyance from him to his wife; but the consideration in this case was higher than mere affection and good will.

(*c.*) It was error to charge that a wife, remaining for the statutory period after the death of her husband upon lands which had belonged to him, and upon which she had reared their family of minor children, held adversely to these minors, who were co-heirs with her of her husband. But this case being controlled by other questions, such an error did not harm.

November 9, 1886.

Husband and Wife. Estates. Consideration. Prescription. Parent and Child. Before Judge MERSHON. Liberty Superior Court. May Term, 1886

Reported in the decision.

CHISHOLM & ERWIN, F. G. DUBIGNON, for plaintiffs in error.

LESTER & RAVENEL, for defendant.

HALL, Justice.

The plaintiffs' lessors, as the children and heirs at law of Allen R. Johnson, sought to recover the possession of the premises in dispute from the defendant, Fletcher, and claimed that their ancestor, who died intestate, was in possession at the time of his death, and that the title devolved on them as a portion of his heirs at law, their mother, under whom the defendants claimed, being their co-heir.

The testimony shows that Johnson and his wife, whose maiden name was Baggs, were married in 1842; that shortly after the marriage, the father of Mrs. Johnson made her a deed to the land in dispute , that this deed, by its terms, did not prevent the marital rights of Johnson from attaching to the property , that a few years thereafter the husband and wife separated in consequence of disputes and disagreements between them, and in order to settle these difficulties and induce her to return and co· habit with him,he, in 1845, made her a deed to this and other property; and that in consequence thereof, she did return, and they lived together until his death, which occurred in the year 1859 or 1860. After his death, Mrs. Johnson and the plaintiffs continued to reside on the premises until she sold to Fletcher. The deed in question was made direct from Johnson to his wife without the intervention of .a trustee, and without any words settling the property to the sole and separate use of the wife. It is now insisted that this conveyance, under the circumstances, did not divest the title of Johnson and vest the property in Mrs. Johnson.

We are, however, of a different opinion, and hold that, from the time of its execution, her possession of the premises became adverse to his, although he jointly occupied the land with her. Had this deed been a conveyance from a third person to the wife, and had it contained no words settling the property to her separate use, it would not have had the effect of divesting the marital rights of the husband, but it is otherwise where the deed is made directly from the husband to the wife. The intention of the parties to the transaction is to be regarded, indeed, this is a cardinal rule of construction, and in order to give effect to that intention, and to give any effect to the deed, we must conclude that it was the purpose of the parties to create a trust in favor of the wife, otherwise the deed would have been an idle and unmeaning ceremony, or, as has been well said, the enactment of a legal farce. From a very early period, courts of equity thus treated and thus construed such transactions; they converted the deed into a

McQueen *et al. vs.* Fletcher.

trust in favor of the wife and treated the husband as a trustee. Steel *vs.* Steel, 1 Iredell's Equity, 462; Deming *vs.* Williams, 26 Conn. 226, 231,* Sayers *vs.* Wall, 26 Grattan, 354. In these cases, all the cases, ancient and modern, together with the texts of standard authors, are fully considered and reviewed, and this conclusion is reached. But this court in several cases has pursued the same course and reached the same result. *Brown vs. Kimbrough,* 51 *Ga.* 38, *Johnson vs. Hines,* 31 *Id.* 720; *Whitten vs. Jenkins,* 34 *Ga.* 297, 304.

The question considered being decisive of the case, it is unnecessary to consider other assignments of error made in the record. It may not be out of place, however, to state, as no complaint is made by any creditor of the ancestor of plaintiff's lessors, or any claim preferred by any *bona fide* purchaser for value from him, that a good consideration would be sufficient to support a conveyance from him to his wife, without insisting, as it seems to us might have been done, that this deed, being made in settlement of a family dispute and to induce the wife, then living separately from her husband, to return to his home and resume her marital duties, is sustained by a far higher consideration than one of mere affection and good will.

Since the verdict, under this view of the law, was imperatively demanded by the facts in the record, the plaintiffs' lessors were not hurt by the only charge of the court to which they excepted, and which we think erroneous, both as an abstract principle of law and as applicable to the case then before the court.

It is not correct to charge that a wife, remaining for the statutory period after the death of her husband upon lands which had belonged to him and upon which she had reared their family of minor children, held adversely to these minors, who were her co-heirs in the estate, which devolved upon all of them on the death of the husband and father intestate.

Judgment affirmed.

*48 Am. Dec. 386.