## RUCKER *v.* RUCKER *et al.*

FISH, C. J.    1. Declarations of a person in possession of property, in favor of his own title, are admissible to prove his adverse possession, but for no other purpose. Civil Code (1910), § 5767; *Dawson* v. *Callaway*, 18 *Ga.* 573; *Hansell* v. *Bryan*, 19 *Ga.* 167; *Harrison* v. *Hatcher*, 44 *Ga.* 638 (4); *Bowman* v. *Owens*, 133 *Ga.* 49 (65 S. E. 156).

(*a*) Accordingly, the declarations of such person that the property had been given to him by another are not admissible for the purpose of proving the gift.

2. Permissive possession can not be the foundation of a prescription until an adverse claim and actual notice to the other party. Civil Code (1910), § 4164. Where possession is inceptively permissive, title by prescription under twenty years possession will not ripen until the expiration of twenty years after actual notice, to the party under whom possession originated, of the adverse claim of the one setting up prescription. Therefore, where the defendant relied on adverse possession for a period of twenty years for the establishment of a prescriptive title to a part of the land in controversy, and introduced evidence tending to show possession for the requisite time, but the evidence disclosed that the possession originated by permission of the plaintiff, and there was no evidence tending to show twenty years possession after actual notice to the plaintiff of the defendant's adverse claim, a charge on the subject of title by prescription under twenty years adverse possession was not authorized by the evidence.

3. The evidence set out in the sixth ground of the motion for a new trial, relating to the adverse possession of the defendant of part of the land in controversy, was admissible; but in the absence of any evidence tending to show that the plaintiff had actual notice of the adverse character of such possession for twenty years prior to the bringing of the action, the evidence was not sufficient to show title by prescription in the defendant.

4. Other portions of the charge to which exceptions were made were not erroneous for any reason assigned.

5. The court erred in refusing to grant a new trial.

*Judgment reversed.* Beck, J., absent. *The other Justices concur.*

SEPTEMBER 23, 1911.

Equitable petition. Before Judge Meadow. Elbert superior court. August 3, 1910.

Z. B. Rogers and J. N. Worley, for plaintiff.

C. P. Harris, for defendants.