MELSON v. LEIGH, guardian, *et al.*

ATKINSON, J.  1. If J. executes a security deed to L. as administrator and remains in possession, J's possession is not adverse to the estate represented by L., but is merely permissive (*Jay* v. *Whelchel*, 78 *Ga.* 786, 3 S. E. 906), and will not afford a basis for prescription against L. as administrator or the distributees (if ever before payment of the secured debt) until after an adverse claim by J. and actual notice thereof to L. as administrator.  Civil Code, § 4164.  *Rucker* v. *Rucker*, 136 *Ga.* 830 (2) (72 S. E. 241) ; 2 C. J. 134, § 230.

2. If, after execution of such security deed as indicated in the preceding note, L. as administrator in distribution of the estate lawfully conveys the debt and security represented by the security deed to herself as guardian of a minor entitled thereto as an heir, the above mentioned possession of J. will also be permissive under L. as guardian.

3. If while in such permissive possession J. sells the land to M. and executes to him an absolute warranty deed which is duly recorded, and under an agreement with M. remains in possession as tenant of M., such sale and tenancy will not change the permissive character of the possession.  This ruling does not conflict with the decision in the case of *Baxter* v. *Phillips*, 150 *Ga.* 498 (104 S. E. 196), or *Hines* v. *Lavant*, 158 *Ga.* 336 (123 S. E. 611), based on different facts.

4. Under the rulings announced in the preceding notes, M., the alleged prescriber, failed to establish a prescriptive title.

5. The sole question that was insisted upon in the briefs of the attorneys for the plaintiff in error, was as to whether M. obtained a title by prescription.

6. The judgment of the trial court, rendered upon an agreed statement of facts, finding the property subject, was not erroneous.

*Judgment affirmed.   All the Justices concur.*

No. 4218.  JANUARY 14, 1925.  REHEARING DENIED FEBRUARY 21, 1925.

Claim.   Before Judge Roop.   Troup superior court.   January 21, 1924.

*Lovejoy & Mayer,* for plaintiff in error.   *Hall & Jones,* contra.