SHACKLEFORD *et al.* v. RUTLEDGE *et al.*

BECK, P. J. 1. The petition, after amendment, was not subject to the defendant's demurrers.

2. The deed of B. M. Long to Harry Gray et al., dated August 16, 1869, created an express trust by which the one acre of land in controversy was dedicated to school purposes and church purposes open to "all Christian denominations." Almost immediately Mount Carmel Methodist Protestant Church began to exercise privileges available to them under the deed, and have continued to do so at all times thereafter. The Baptist Church, defendant in the lower court, plaintiffs in error in this court, began to exercise the privileges available to churches of Christian denominations in the year 1910, and continued to exercise

such privileges until the filing of this suit against them. Under the evidence Mount Carmel Church occupied the premises by permission of the trustees named in the Long deed, and did not acquire any prescriptive title to the exclusion of churches of other Christian denominations, because, under the deed, prescription would not begin to run in favor of Mount Carmel Church until the latter had given notice that it repudiated the terms of the deed and claimed exclusive title in its own right. Moreover, if Mount Carmel Church had manifested such claim of exclusive right and title, when it permitted, without objection, the Baptist Church to use and occupy the premises in accordance with the terms of the trust deed for about eight years, such acquiescence would amount to a waiver of any previous prescriptive rights which Mount Carmel Church may have acquired. For these reasons the court erred in enjoining the defendants, members of the Baptist Church, from the use and occupancy of the building for the purposes of carrying on religious services as members of the Baptist Church.

*Judgment reversed. All the Justices concur.*

No. 4674. JULY 15, 1925.

Equitable petition. Before Judge Roop. Carroll superior court. October 28, 1924.

Rutledge and others, as trustees of Mount Carmel Methodist Protestant Church, filed separate petitions against Pierce and others, as trustees of Mount Carmel School District, and against Shackleford and others, members of Providence Baptist Church. The purpose of the two petitions was to restrain the defendants by injunction, in the one case from using a described parcel of land and the building thereon for the conduct of a school, and in the other case from trespassing upon the same property. The two causes were, with the consent of the parties, consolidated by order of the court. The judgment rendered was favorable to the school trustees and their rights are not in issue. The allegations of the petition, as amended, against Shackleford et al., as members of Providence Baptist Church, are, in substance, that petitioners are the legally constituted successors in trust of Harry Gray et al., and as such own for Mt. Carmel Church, under certain described deeds, one acre of land in the northwest corner of lot of land number 267 in the 6th district of Carroll County, upon which there is located a church building of the value of $1500; that petitioners and their predecessors, as trustees, had been in the quiet, peaceful, uninterrupted, and adverse possession of said property for more than thirty years prior to the filing of the suit; that defendants, by virtue of being members of Providence Church, are claiming title to the property under the same common

44

grantor with petitioners; that defendants persist in trespassing upon said property, have torn the locks from the doors, removed the doors, and have repeatedly entered the premises, defaced the pews, and committed other depredations upon the property; that the same was done maliciously and with the intent to deprive petitioners of the use of said property; that the injuries and damages are irreparable; that petitioners have no adequate remedy at law; that the parties are numerous, and it is necessary that a court of equity assume jurisdiction in order to prevent a multiplicity of suits.

The answer filed by the defendants denied the allegations of the petition that they had trespassed upon the property, but admitted that they had clipped the chain placed upon the door by the petitioners and entered the building for the purpose of holding religious services. They further set up that Providence Baptist Church was organized in August, 1910, and has ever since at regular stated times used the building and premises involved, for holding services, by virtue of a deed dated August 16, 1869, made by B. M. Long to Harry Gray et al., "as trustees for a schoolhouse and church and their successors," and containing the following: "That the said Long gives and grants and by these presents gives and grants to the parties of the second part and their successors one acre of land on the northwest corner of lot number two hundred and sixty seven in the sixth district of said county and State, for the purpose of having erected on said land a house to be used for public worship by all Christian denominations and for school purposes."

The defendants also demurred to the petition, upon the grounds: (1) that petitioners have undertaken to sue a Baptist Church without setting out such a state of facts as would authorize the court to enjoin the defendants as a Church; (2) that the cause of action is not set forth in such a way as would authorize the granting of the relief sought; (3) that petitioners do not set up such right, title, or ownership in themselves as trustees, nor in the church which they represent, as would authorize the granting of the relief sought; nor the source from which they derived title; nor that they have been in open, notorious, peaceable, adverse, continuous, and exclusive possession under a claim of right or written evidence of title for more than seven years, or for twenty years under a

claim of right and in good faith; and the petitioners do not set up that they have possession together with the exclusive right of possession, and do not· attach to their petition any written evidence of title which would give them the exclusive right of possession. The court overruled the demurrers. The matter was referred to an auditor, who made a report finding in favor of the plaintiffs in both cases. The defendants filed exceptions to the report of the auditor. Shackleford et al. assign error on exceptions filed pendente lite to the overruling of their demurrers, and upon the judgment of the court finding against their claim of title and right to use the property.

    *S. Holderness,* for plaintiffs in error. *Smith & Taylor,* contra.