## CHANDLER *v.* DOUGLAS.

No. 9767.   OCTOBER 12, 1933.   REHEARING DENIED DECEMBER 28, 1933.

12

*Mack Barnes* and *Wilson, Bennett & Pedrick,* for plaintiff.
*Parker & Parker* and *A. B. Spence,* for defendant.
GILBERT, J.. The one special ground of the motion for a new

trial is based upon the contention that since the uncontradicted evidence shows that the claimant entered into possession as a tenant of the Fidelity Loan & Savings Company, his possession was not adverse, but permissive, and that though he afterwards purchased the property, obtaining, first a bond for title, and later a warranty deed, he was never in such adverse possession that title by prescription would ripen. The Civil Code (1910), § 4164, provides: "Possession to be the foundation of a prescription must be in the right of the possessor, and not of another; must not have originated in fraud; must be public, continuous, exclusive, uninterrupted, and peaceable, and be accompanied by a claim of right. *Permissive possession can not be the foundation of a prescription, until an adverse claim and actual notice to the other party.*" The principle stated in the sentence italicized was the basis of the decision in *Melson* v. *Leigh,* 159 *Ga.* 683 (126 S. E. 718), cited by counsel for plaintiff in error. In that case J., the owner of property, executed a security deed to L., and remained in possession. J's possession was not adverse to L., but was merely permissive. L. assigned the debt and security deed to M., J. remaining in possession. On the trial of title M. undertook to establish prescriptive title based on the writings referred to above, and possession through the occupation of the premises by J. There was never any change of possession. The transaction began with J. in possession, and ended likewise. There was no adverse occupation on the part of J. There was nothing to put L. on notice that the character of J's possession had changed from permissive possession to adverse possession. There was no notice of such change by any acts, such as the making of valuable or permanent improvements upon the property. It was held that there was no title by prescription. It was properly stated that "this ruling does not conflict with the decision in the case of *Baxter* v. *Phillips,* 150 *Ga.* 498 (104 S. E. 196), or *Hines* v. *Lavant,* 158 *Ga.* 336 (123 S. E. 611), based on different facts." The facts in the *Melson* case differ in a very important particular from the two cases just mentioned. In *Baxter* v. *Phillips,* Baxter, the owner, sold the land to Walker, executing a bond for title, conditioned upon the payment of the note. Walker entered into possession under that bond and so remained for a time, when he sold to Phillips, giving him a similar bond for title, conditioned upon payment of his note to Walker for the purchase-price. Phil-

lips paid to Walker the purchase-price, and Walker executed and delivered to Phillips a deed to the land. Phillips went into possession under Walker in pursuance of the bond from Walker to him, and continued in open, notorious, uninterrupted, and peaceable possession, claiming the land as his own, and "making valuable improvements thereon." Walker represented to Phillips that he had good title to the land and Phillips acted upon such representation, believing Walker's title good, and having no knowledge or notice of the interest of Baxter until the institution of Baxter's suit against him.

The important particular in which the *Melson* case differs from the *Baxter* case is that in the latter the prescriber made valuable improvements on the land. If the facts of this case were like the facts of the *Melson* case, we would have no difficulty in accepting the contention of counsel for the plaintiff in error; but due to the difference in facts from the *Melson* case, and the similarity of its facts to *Baxter* v. *Phillips*, this case must fall under the ruling in the *Baxter* case. Mrs. Chandler loaned money to the Fidelity Loan & Savings Company on October 27, 1915, receiving a security deed, though absolute on its face, and executing a bond to reconvey title to the borrower on payment of the debt. In the next year, 1916, Douglas, the claimant, entered into possession of the land as a tenant of the Fidelity Loan & Savings Company. That possession of course was permissive, at least as to the corporation; and so long as the relation of landlord and tenant continues, prescription would not begin to run against the corporation. But after three or four months, to wit, on September 8, 1916, Douglas bought the property from the corporation for an agreed price of $2600. He obtained from the corporation a bond for title conditioned to execute a deed on payment of the purchase-price. The payment of the purchase-price was completed, and on May 9, 1923, the corporation executed a deed to Douglas. Under his bond for title Douglas could not prescribe against *his obligor*, the corporation, as long as any of the purchase-price remained unpaid, until sufficient notice to it that he was holding adversely. It does not follow that Douglas could not prescribe against Mrs. Chandler under his bond for title, since she was no party to that contract. *Carstarphen* v. *Holt*, 96 *Ga.* 703, 712 (23 S. E. 904); *Baxter* v. *Phillips*, supra.

We now come to the distinguishing facts which require the ruling in this case to follow the ruling in *Baxter* v. *Phillips*. From the time of the purchase by Douglas from the corporation he had no knowledge of Mrs. Chandler's claim until notice from her in 1932. He had been in possession as a purchaser under his deed from May 9, 1923, more than seven years. At the time of his purchase he was required by his grantor to pay back taxes on the property, amounting to $272, and he paid all taxes thereafter, except for the year 1932, which have not been paid. In 1920, after his purchase, and while he was in possession under bond for title, he put a roof on the house, repaired it, and built a garage costing about $600. The repairs and the back taxes amounted to about $872. The total purchase-price was $2600; so it must be held that the improvements were relatively valuable, and indicated, together with the payment of back taxes of $272, that Douglas was in possession, claiming the property as his own; that the tax payments and valuable improvements made constituted "acts of ownership," and that the possession ceased to be permissive. The undisputed facts amounted to an adverse claim, and constituted adverse notice to every one. Such occupation, as a matter of law, is so notorious as to attract the attention of every adverse claimant. The possession of Douglas was never permissive. as to Mrs. Chandler. It began by permission of the Fidelity Company, and continued as such until payment of taxes and making valuable improvements while.in possession as purchaser. "It is a well-settled rule that a permissive possession is not adverse, and can not be the foundation of a prescriptive title against the person permitting the possession. [Code of 1910, § 4164.] But it is equally well settled, in this State, that seven years possession under a bond for title is a good prescriptive title against everybody but the obligee [obligor?] of the bond, and his representatives: *Fain* v. *Garthright,* 5 *Georgia Reports,* 6; *Stamper* v. *Griffin,* 12 *Georgia Reports,* 450. That the maker of the bond has no title, or is in possession by permission, makes no difference. · The very object of the law allowing title by prescription is to protect a defective title against a perfect paper one, after seven years peaceable possession. If the one who makes the bond is a mere squatter, a tenant, or is in under a forged title, or as trustee, and the purchaser buys in good faith and goes into possession, thinking his title good, he is in adversely. If this were

not so, the title by prescription could never arise at all; since, if the person prescribing must have bought from one having a right to sell, he gets a good title without the prescription." *Garrell* v. *Adrain*, 44 *Ga.* 274. *Baxter* v. *Phillips*, 150 *Ga.* 500 (supra). The only difference between the facts of this case and those of *Baxter* v. *Phillips*, supra, is that Baxter knew that Phillips was making valuable improvements on the property, and "gave Phillips no intimation as to his claim to the land." The absence of actual notice on the part of Mrs. Chandler in this case can not alter the result, because Douglas was never in possession by permission of Mrs. Chandler. The facts set forth above are sufficient, as a matter of law, to constitute notice to her. The facts in *Melson* v. *Leigh*, supra, are widely different from the facts in this case.

There is no material conflict in the evidence. The right of the movant to a new trial depends entirely upon the question of law discussed above. The opinion in *Baxter* v. *Phillips*, written by Chief Justice Fish, is logical and complete, and we refer as authority to the opinion as a whole. Every legal proposition involved in this case was discussed in that opinion.

The court did not err in directing the verdict for the claimant.

*Judgment affirmed. All the Justices concur, except Russell, C. J., and Atkinson, J., who dissent.*