## TANNER et al. v. JOHN HANCOCK MUT. LIFE INS. CO.*

### No. 7193.

Circuit Court of Appeals, Fifth Circuit.

Nov. 7, 1934.

Rehearing Denied Dec. 10, 1934.

L. E. Heath, of Douglas, Ga., and J. S. Dorsey Blalock, of Waycross, Ga., for appellants.

Lawson Kelley and W. D. Dickerson, both of Douglas, Ga., for appellee.

Before BRYAN, FOSTER, and WALKER, Circuit Judges.

FOSTER, Circuit Judge.

Appellee brought suit in equity against a number of heirs of Berry H. Tanner to foreclose a security deed on six lots of land in Coffee county, Ga., aggregating 2,940 acres, more or less. There was a judgment of foreclosure from which this appeal is prosecuted. Appellants, Hiram Tanner, Elie T. Tanner, and Mrs. Tanner Ewing are the only defendants who now claim an interest in the land. There was a severance as to the other defendants and they are not parties to the appeal.

The evidence in the record supports the following conclusions as to the material facts, substantially as found by the District Court: Berry H. Tanner borrowed $25,000 from appellee on March 28, 1911, executed a deed for the property to secure payment and a note maturing in five years after date. On September 21, 1915, Berry H. Tanner and appellee executed an agreement extending the maturity of the loan to November 1, 1920. Between 1916 and 1919, Berry H. Tanner executed voluntary deeds to the property to certain of his children, the deeds were recorded, and they went into possession of the property. The original deed to appellee and the extension agreements were properly recorded, and there is evidence in the record tending to show that the grantees from Berry H. Tanner had actual knowledge of the security deed. On the other hand, it is not shown that appellee had actual knowledge of the deeds by Berry H. Tanner to his heirs or of their occupancy of the land. On October 21, 1918, Berry H. Tanner entered into a contract with his son, Elijah L. Tanner, whereby, for a valuable consideration, Elijah agreed to pay off the debt to appellee. Appellee knew nothing of this agreement. Berry H. Tanner died on December 24, 1920. After the death of Berry H. Tanner, on February 18, 1921, Elijah L. Tanner, his son, claiming ownership of the land, entered into an agreement with appellee for an extension of the loan, which also provided that the deed originally executed should remain in full force as security for the loan as extended. On November 3, 1925, the same parties entered into another agreement to extend the due date of the loan to January 1, 1931. Some payments were made of interest and principal on the loan, but at the date of filing the bill there was a balance remaining unpaid of $18,513.80. The judg-

*Petition for rehearing denied Dec. 10, 1934.

ment of foreclosure fixed the total amount due at $19,738.34.

■ Appellants pleaded prescription, based on the deeds executed by Berry H. Tanner and their occupancy of the property. The District Court held that appellants had only permissive possession, which could not be the basis of prescription.

We agree with this conclusion. Section 4164, Park's Annotated Civil Code Ga., 1914; Jay v. Whelchel, 78 Ga. 786, 3 S. E. 906; Rucker v. Rucker, 136 Ga. 830, 72 S. E. 241; Melson v. Leigh, 159 Ga. 683, 126 S. E. 718. We consider the just cited decisions controlling. It is unnecessary to review the many cases cited by appellants.

■ Appellants also pleaded novation and estoppel based on execution of the extension agreement between appellee and Elijah L. Tanner. As the original debt was expressly recognized and not extinguished there was no novation. The said extension agreement was for the benefit of appellants and did not prejudice their rights. Estoppel is not shown.

The record presents no reversible error.

Affirmed.