## 27319.   FULLER *v.* CALHOUN NATIONAL BANK.

Decided January 30, 1939.

*J. H. Paschall,* for plaintiff in error.   *J. M. Lang,* contra.

FELTON, J.   This case was transferred to this court by the Supreme Court as a case at law.   *Fuller* v. *Calhoun National Bank,* 186 *Ga.* 770 (199 S. E. 116).   The opinion in that case states the case with the exception of setting out the defenses.   The petition as amended was one to obtain a judgment in rem against the property described in the petition.   The general demurrer to the petition as amended was overruled.   The defendant pleaded that the plaintiff was estopped because the holder of a third security deed against the property had sold it to the defendant at public sale under the power in the deed, subject only to a security deed in favor of the Federal Land Bank, with notice of the sale.   (The plaintiff held a security deed second in priority only to the duly-recorded deed to the Federal Land Bank.)   It was alleged in the answer that an officer of the plaintiff bank announced at the sale that the plaintiff would not bid because there was no equity in the land over and above the claim of the Federal Land Bank, and that from the time the defendant purchased it the plaintiff bank had never claimed it and that defendant had improved the lands, placed valuable improvements thereon, and had paid the interest on the first loan to the Federal Land Bank.   The answer further alleged that $132.50 had been paid on the note sued upon.   The general and special demurrers to the answer were sustained and a verdict was directed for a special lien in rem against the land.   The defendant excepted to the final judgment and to the judgments overruling the general demurrer to the petition and sustaining the demurrers to their answer.

1.   There was no error in overruling the demurrer to the petition as amended.   *McCall* v. *Herring,* 116 *Ga.* 235, 238 (42 S. E. 468).

2.   There was no error in sustaining the special demurrer to the answer which did not allege how the credit was paid, to whom it was paid, or when it was paid.

3.   It was not error to sustain the general demurrer to the answer.   The contentions of the defendant are evidently predicated upon two theories.   The first is that the plaintiff is estopped to assert its title because it stood by and permitted defendant to buy

the land without revealing its title thereto. The second is that the defendant had acquired title by prescription and that the plaintiff was estopped to assert a lien based on a title it had lost thereby. There is no merit in either contention. Code, §§ 38-115, limits Code, § 105-304, to purchasers without notice. As the defendant executed all the deeds in question he knew as well as the plaintiff that it had title to the land subject to the Federal Land Bank. See *Norman* v. *McMillan,* 151 *Ga.* 363 (107 S. E. 325); *Jackson* v. *Lipham,* 158 *Ga.* 557 (123 S. E. 887); *Carmichael* v. *Texas Co.,* 52 *Ga. App.* 751 (184 S. E. 307); *Groover* v. *Simmons,* 163 *Ga.* 778 (137 S. E. 237); *Stonecipher* v. *Kear,* 131 *Ga.* 688 (4) (63 S. E. 215, 127 Am. St. R. 248); *Broadway Apartment Co.* v. *Barnett,* 30 *Ga. App.* 562 (118 S. E. 601).; *Brown* v. *Tucker,* 47 *Ga.* 485. The answer was also defective in that it did not allege that the defendant was induced by the conduct of the plaintiff to purchase the land. *Groover* v. *Simmons,* supra. The claim to a prescriptive title is without merit because there can be no prescription by a grantor against his grantee without notice of an adverse claim, and there is no allegation in the answer that the plaintiff had any notice of the defendant's adverse claim. *Melson* v. *Leigh,* 159 *Ga.* 683 (126 S. E. 718); *Jay* v. *Whelchel,* 78 *Ga.* 786 (3 S. E. 906). Possession and valuable improvements alone are not sufficient bases for a prescriptive claim in favor of a grantor against a grantee, because the possession is permissive and any improvements put on the land by the grantor accrue to the benefit of the grantee in the absence of a bona fide adverse claim of title and notice to the grantee. The answer does not allege that the defendant held the land adversely, or that notice was given to the plaintiff. Code, § 85-402; *Towler* v. *Carithers,* 4 *Ga. App.* 517 (2) (61 S. E. 1132); *Ford* v. *Holmes,* 61 *Ga.* 419 (3); *Spalding* v. *Grigg,* 4 *Ga.* 75; *Lawson* v. *Cunningham,* 21 *Ga.* 454; *Doris* v. *Story,* 122 *Ga.* 611 (4) (50 S. E. 348); *Johnson* v. *Mary-Leila Cotton Mills,* 155 *Ga.* 344 (116 S. E. 609); *Elberton Southern Railway Co.* v. *Canon Oil & Fertilizer Co.,* 154 *Ga.* 436 (114 S. E. 885); *Shackleford* v. *Rutledge,* 160 *Ga.* 688 (128 S. E. 794); *Kesler* v. *Verner,* 161 *Ga.* 118 (129 S. E. 842); *Cowart* v. *Strickland,* 170 *Ga.* 530 (153 S. E. 415).

It is argued in the brief of the plaintiff in error that the son of the plaintiff in error bought the land at the sale under power. If

this is true he would be the only one who could plead estoppel or prescription, because if the plaintiff in error did not own any interest in the land it would not concern him whether a lien was enforced against it or not, since no judgment in personam was sought against him.

*Judgment affirmed. Stephens, P. J., and Sutton, J., concur.*