**Mrs. E. P. BLANTON, Appellant,**

v.

**Mrs. Maggie MOODY, Appellee.**

**No. 17380.**

United States Court of Appeals
Fifth Circuit.
April 16, 1959.

**534**

J. Dorsey Blalock, Waycross, Ga., S. F. Memory, Blackshear, Ga., for appellant, Blalock & Blalock, Waycross, Ga., Memory, Barnes & Memory, Blackshear, Ga., of counsel.

Rufus A. Moore, Douglas, Ga., Chris B. Conyers, Brunswick, Ga., for appellee, Gowen, Conyers, Fendig & Dickey, Brunswick, Ga., of counsel.

Before HUTCHESON, Chief Judge, and TUTTLE and JONES, Circuit Judges.

TUTTLE, Circuit Judge.

This is an appeal from a judgment rendered by the District Court for the Southern District of Georgia after a trial by the court without a jury. The appellant, a resident of the state of Florida, brought an action of ejectment against her sister, the appellee, who is a resident of Georgia. Both parties claim title to the land in question, which is located in Appling County, Georgia. The appellant's claim of title is as heir of her father and as grantee of a deed from all of the other heirs, her brothers and sisters. Appellee relies upon a prescriptive title allegedly perfected by her mother after the death of the latter's husband and through other parties to appellee.

■ W. W. Miles, father of the parties, died intestate in 1896, leaving his wife and six minor children. His widow continued to live on the land with their children until the last of them attained his majority, married and moved away. She continued to live there until her death in 1949. Subsequent to W. W. Miles's death his widow made application for a year's support out of his estate, but no final award was ever made. It was thus a nullity. Mrs. Miles did not remarry, but several years after her husband's death she gave birth to a son, Jack Miles. From 1922 on, she and Jack Miles lived upon the premises in controversy, during which period they either farmed or leased the land. Until the date of her death in 1949, Mrs. Miles received all the rents and profits and paid all of the taxes on the land; her children did not demand any rent or income and did not offer to pay any taxes.

In 1935 the property was sold by the sheriff of Appling County for delinquent taxes of Mrs. Miles and was bid in by the county. The county then quitclaimed the property to Mrs. Miles in 1941, and she conveyed it to Jack Miles on December 15, 1948, just before her death. Jack Miles executed a deed to secure debt, conveying the property to H. L. Williams in 1952. This deed was foreclosed and the property was bid in by the appellee, Mrs. Moody. Prior to this purchase Mrs. Moody had joined with her brothers and sisters in conveying their interest in the property to appellant for the purpose of facilitating suit to recover the property.

■ The fundamental question in this case is whether Mrs. Miles obtained prescriptive fee title to the land in controversy. If she did not, then the district court erred in deciding in the appellee's favor. Appellant has presented several reasons why Mrs. Miles did not obtain prescriptive title and has also argued that even if she did, the appellee is estopped, for several reasons, from claiming to hold under Mrs. Miles's title. Inasmuch as we agree with appellant's contention that Mrs. Miles had possession by her children's permission at the outset and she never thereafter gave them actual notice that she was holding it adversely to them, and therefore did not obtain title by prescription, it is unnecessary for us to pass upon appellant's other contentions.

■ The principles of law upon which our conclusion is based are few in number and are clearly set forth in the statutes and court decisions of the state of Georgia, the laws of which control the disposition of this property. Berry v. Tidewater Associated Oil Co., 5 Cir., 188 F.2d 820.

When Mrs. Miles's husband died, leaving her and six children surviving, she was entitled to claim a child's part, amounting to one-fifth of the property in controversy,[1] or to take her dower. Ga. Code Ann. § 113–903, § 31–101 et seq. She could also have part or all set aside for her as a year's support. Her situation was governed by the following rule:

"When a man dies intestate, leaving a widow and children, the title to his realty vests in the latter, subject only to the former's right to take a child's part, or have dower assigned therein; and unless it affirmatively appears that, within the time prescribed by law, she elected to take a child's part, no presumption will arise that she ever had any vested estate in fee in such realty." Snipes v. Parker, 98 Ga. 522, 25 S.E. 580.

Accord, Miles v. Blanton, 211 Ga. 754, 756, 88 S.E.2d 273.

It is agreed that Mrs. Miles did not elect to have dower assigned in this property. We have already stated that she took nothing by way of year's support. One of appellant's contentions is that Mrs. Miles did elect to take a child's part and thus went into possession as a tenant in common with the children, but since it is not necessary for her to prevail on this point in order to establish the ground upon which we are deciding this case in her favor, we can accept appellee's contention that Mrs. Miles did not effectively make such an election.

■ In this situation, and in accordance with the general rule that where one party has established a prima facie claim of title and the other party claims title by prescription the burden is on the latter affirmatively to establish the same by evidence,[2] such burden had to be borne by the appellee in this case.

The elements of prescription are set forth in the Georgia code as follows:

"Possession to be the foundation of a prescription must be in the right of the possessor, and not of another; must not have originated in fraud; must be public, continuous, exclusive, uninterrupted, and peaceable, and be accompanied by a claim of right. *Permissive possession cannot be the foundation of a prescription,* until an adverse claim and actual notice to the other party." Ga.Code Ann. § 85–402. (Emphasis added.)

In order to perfect title by prescription one must maintain adverse possession for a period of twenty years, Ga.Code Ann. § 85–406, unless the possession is under written evidence of title, in which case the required period is seven years, § 85–407. The prescriptive period could not commence against W. W. Miles's unrepresented estate until five years after

---

1. At the time of his death W. W. Miles apparently owned no realty other than the land in controversy.

2. Patellis v. Tanner, 199 Ga. 304, 312, 34 S.E.2d 84; Harris v. Mandeville, 195 Ga. 251, 252, 24 S.E.2d 23; Bussey v. Jackson, 104 Ga. 151, 30 S.E. 646.

his death, § 85–413, nor against his children's rights until they reached their majority, § 85–411.

Since there was no possession by Mrs. Miles or by Jack Miles under written evidence of title for a period of seven years prior to the commencement of this suit, the only question for our decision is whether the district court correctly held that Mrs. Miles had obtained title by her exclusive possession of the property from 1922 to 1949. It may be conceded that the court was correct in finding that the ordinary elements of adverse possession had been proven; but the failure of the appellee to prove the additional element of actual notice of an adverse claim which is required by section § 85–402, supra, in cases of possession which is initially permissive, compels us to disagree with the court's conclusion that she had acquired title to the property.

█ As has been demonstrated, Mrs. Miles remained in possession of her husband's lands as a complete stranger in title. She was the mother and natural guardian of the six minor children who were seized of full legal title. Her possession, therefore, which could, of course, have readily been regularized if she had been appointed guardian of the property of her minor children, was permissive. Ewing v. Tanner, 184 Ga. 773, 780, 781, 193 S.E. 243.

If, then, her initial possession was permissive it could not become the foundation of a prescription simply because all her children left the property upon marrying or attaining their majority and she thereafter held exclusive possession under conditions which would suffice, were it not for the initially permissive character of her possession, for prescription, § 85–402.

The principles of law which are applicable here were set forth in the case of Cowart v. Strickland, 170 Ga. 530, 153 S.E. 415, in the following words:

"Permissive possession can never ripen into a prescriptive title. Doris v. Story, 122 Ga. 611(4), 50 S.E. 348. Where possession is inceptively permissive, title by prescription under twenty years' possession would not ripen until the expiration of twenty years after actual notice of the adverse claim of the one setting up prescription. Rucker v. Rucker, 136 Ga. 830(2), 72 S.E. 241. Furthermore, when a wife remains for the statutory period after the death of her husband upon lands which had belonged to him, and upon which she reared their family of minor children, who were coheirs with her and her husband, such possession of the wife would not be adverse to her coheirs by reason of the fact that she entered into or remained in possession of the property in good faith, and remained in possession for twenty years. McQueen v. Fletcher, 77 Ga. 444(c)." 170 Ga. at page 537, 153 S.E. at page 419.[3]

The district court did not find that Mrs. Miles had ever given actual notice— or that there were circumstances which were the equivalent of notice [4]—that she had repudiated her children's rights and held the land adversely to them; nor does the appellee contend that such notice was ever given. Appellee's counsel, on argument, conceded that if her possession is held to require actual notice, then none was given. In any case, we find that the evidence would not support such a finding if it had been made. Although appellee may have proved that all of the ordinary elements of prescription were present in this case, it cannot be said that she has successfully borne the burden of proving the additional element which the law requires in the case of pos-

---

3. For other examples of the application of these principles, compare, in addition to the cases cited in the above quotation, Shackleford v. Rutledge, 160 Ga. 688, 128 S.E. 794; Lawson and Tillinghast v.

Cunningham, 21 Ga. 454; Spalding v. Grigg, 4 Ga. 75.

4. Citizens & Southern Bank v. Ellis, 171 Ga. 717, 731, 156 S.E. 603.

session which is inceptively permissive and non-adverse.

Since, then, Mrs. Miles never obtained the fee by prescription, and since appellee contends that Mrs. Miles did not take a child's part in the property, it follows that neither her deed to Jack Miles nor the subsequent conveyances which form the purported chain of appellee's title passed any interest in the land, and consequently it was error for the district court to enter judgment in the appellee's favor.

The judgment of the district court is therefore reversed and the cause is remanded for further proceedings not inconsistent with this opinion.