NANCY HILL, plaintiff in error, *vs.* MILTON WALDROP, defendant in error.

A widow claimed certain land levied on under a judgment against her husband prior to his death, and sought to set up title thereto by prescription, under a deed made to her by a third party during her husband's life :

*Held,* that to claim under such title she must show that her possession was adverse to that of her husband.

Husband and wife.  Prescription.  Before Judge HALL. Rockdale Superior Court.  April Term, 1876.

Reported in the decision.

L. J. WINN; J. C. BERRY, for plaintiff in error.

J. J. FLOYD, for defendant.

WARNER, Chief Justice.

This was a claim case, upon the trial of which the jury, under the charge of the court, found the property subject to the execution levied thereon.  A motion was made for a new trial, on the several grounds therein set forth, which was overruled by the court, and the claimant excepted.

It appears from the evidence in the record, that the land in controversy was levied on to satisfy a justice's court *fi. fa.*, issued on a judgment dated 4th of March, 1863, against A. Scott and Samuel Hill, the defendants therein.  The levy was made on the land the 2d of November, 1875, as the property of Hill, and claimed by his widow, Nancy Hill.  The plaintiff proved that the defendant, Hill, lived on the land several years before the war and up to the time of his death, and was living on it in November, 1865, but died three or four years ago; that the claimant was his wife, and lived on the land with him, and has continued to live on it since his death up to the time of trial; that Hill cultivated the place while he lived on it, cleared some of the land since and before the war, and used it in every way as a man would his own; that since his death the claimant has lived on the land, cultivated and

controlled it. The claimant offered in evidence a deed from A. Scott to the claimant, who was his daughter, dated 16th of February, 1866, conveying the land to her as the wife of Samuel Hill, "exempt from the marital rights of said Samuel Hill, for her separate use."

The claimant insists that she has a good prescriptive title to the land under the 2683d section of the Code, and is entitled to be protected against the plaintiff's judgment lien on it as the property of her late husband, Samuel Hill. To enable the claimant to protect her possession under her deed as a prescriptive title, it was incumbent on her to show that she had been in possession of the land for seven years from the date thereof *adversely* to the defendant in *fi. fa.*, claiming the possession of the land in her own right, and that her possession was public, continuous, exclusive, uninterrupted, and peaceable, accompanied by a claim of right: Code, sec., 2679. What is the evidence of the defendant's title to the land? The evidence is that for several years prior to the plaintiff's judgment in March, 1873, Hill, the defendant, was in possession of the land; that he continued in possession of it for some years thereafter up to the time of his death, and used it in every way as a man would his own; that the claimant was his wife, and lived on the land with him. The deed from Scott to the claimant is dated in February, 1866. Whether Scott's title to the land, if he had any, was paramount to Hill's, the defendant in *fi. fa.*, does not appear; there is no evidence that he was ever in possession of it at any time, and whilst the claimant could not deny that Scott had a title to the land, the plaintiff in *fi. fa.* might do so. There is no evidence in the record that the claimant, at any time after the date of her deed from Scott, claimed the possession of the land under it *adversely* to the rights of her husband, or that her possession of the land, after the execution of the deed, was in any wise different from what it had theretofore been as the wife of her husband living on the land with him. Hill, the defendant in *fi. fa.*, was in possession of the land, exercising acts of ownership and control over it at the date of claimant's

deed from Scott to her, and there is no evidence that Hill's possession of the land was any less *exclusive* after the date of that deed than it was before, or that the claimant's possession was any more exclusive or different than it always had been prior to the date of the deed, until the defendant's death, which was long after the date of the plaintiff's judgment. Although the court may have erred in its charge to the jury, still the verdict was right under the evidence, and required by the law applicable thereto, and we will not disturb it.

Let the judgment of the court below be affirmed.