FRAZIER *et al. v.* BROYLES *et al.; et vice versa.*

"Equity cases shall be tried in the county where a defendant resides against whom substantial relief is prayed." Consequently, where an action is brought to recover land and to cancel certain deeds executed by some of the defendants, and the petition shows on its face that in order for the plaintiffs to recover it is necessary that the deeds be canceled and the plaintiffs accorded equitable relief, and that all the

defendants reside in a county other than that in which the land lies and the suit is brought, there is no error in sustaining a demurrer for want of jurisdiction, and in dismissing the petition.

AUGUST 18, 1916.

Equitable petition. Before Judge Smith. DeKalb superior court. August 12, 1915.

Mrs. Lena Frazier, who sues in her own right, and Claude J. Adams, Clement A. Adams, Harris M. Adams, and William Mullen, all minors, brought suit by their next friend, Mrs. Lena Frazier, and alleged, so far as material to the consideration of this case, substantially as follows: The defendants in the case are Arnold Broyles, F. E. Callaway, Lumpkin Investment Company (a corporation of Georgia, with its principal office in Fulton county), and Mrs. Ellen A. Neill, all of Fulton county, Georgia. Plaintiffs, together with William J. Adams, are all the children of J. W. Adams, deceased, late of DeKalb county, and at the date of his death in 1903 all of the plaintiffs and also William J. Adams were minors. Mrs. Ellen A. Adams was the widow of J. W. Adams and the mother of all the plaintiffs except William Mullen, who is a grandchild of J. W. Adams, his mother, Lottie Mullen (née Adams), having died leaving William as her only heir at law. After the death of J. W. Adams his widow, Ellen A. Adams, was married to John Neill of Fulton county, Georgia, and is one of the defendants herein. At and prior to his death J. W. Adams owned a tract or parcel of land in land lot No. 121 in the 18th district of DeKalb county, Georgia, containing 55 acres, a description of which is set out in the petition. Ellen A. Adams, after the death of her husband, petitioned the court of ordinary of DeKalb county to have a year's support set apart to her and her seven minor children on or about September 4, 1905; and the ordinary issued his warrant to five appraisers, directing them to assign and set aside a year's support to petitioner and her minor children; and on September 5, 1905, the appraisers made a report to the ordinary, setting aside the above-described land, together with certain personal property, as a year's support for the widow and her minor children; and this return was made the judgment of the court of ordinary and admitted to record. It was alleged that the setting apart of the year's support vested the title to the land in the widow and her seven minor children. About June 2, 1911, Mrs. Ellen A. Neill, then Mrs. Adams, conveyed the real estate so

set apart to Arnold Broyles and F. E. Callaway, by warranty deed, for a consideration of $4,400; but the land at that time was worth more than $10,000. Shortly after the above conveyance Broyles and Callaway, on September 3, 1912, conveyed twenty acres of the land to one of the defendants, Lumpkin Investment Company, for the consideration of $3,250. At the time of the purchase by the Lumpkin Investment Company it had notice that the property had been set apart out of the estate of petitioners' deceased father as a year's support, and it was chargeable with notice of all the facts in connection with the sale of the property by Ellen A. Adams to Arnold Broyles and F. E. Callaway that a diligent inquiry would have disclosed. At the time Mrs. Adams sold it, it was unnecessary for her to sell the property for the purpose of securing a year's support; and she had no authority to sell the interest of petitioners in the property for any other purpose, as the rents and profits from the same were sufficient to have supported the family, etc. If it had been necessary to sell the land for a year's support for herself and minor children, it would have been necessary to sell but one, two, or three acres of the land. Mrs. Ellen A. Adams did not sell the property for the purpose of securing money for a year's support for herself and minor children, or for reinvestment, but for other purposes; and the money received from Broyles and Callaway was used by her in buying a house on the north side of Glennwood avenue in Atlanta for $2,700, and the title to the property was taken in her own name. This conveyance was illegal and fraudulent, and did not convey the title to petitioners' property; and both conveyances above set forth are a cloud upon petitioners' title. Mrs. Adams has abandoned possession of the property to Broyles and Callaway, who in turn delivered possession to the Lumpkin Investment Company; and petitioners are entitled to the rents and profits of the land from year to year, and they are entitled to recover from the Lumpkin Investment Company a six-eighths undivided interest in the land. Judgment is prayed for a six-eighths undivided interest in the land, and $50 per year mesne profits from September 3, 1912, and that the deed from Arnold Broyles and F. E. Callaway to Lumpkin Investment Company "be set aside and declared null and void," and especially in so far as the same attempts to convey the interests of your petitioners in the land, as a cloud upon their title, etc.

Arnold Broyles and F. E. Callaway filed a demurrer to the petition, among other things setting up that the defendants reside in Fulton county, "and, as they are not proper parties to said petition as an ejectment suit, said suit can not be maintained against them for the purpose of canceling the deed referred to in said petition as having been made to these defendants by Mrs. Ellen A. Adams." On May 1, 1915, the defendants Broyles and Callaway amended their demurrer and alleged that the petition shows that neither one of the defendants sued in the case is a resident of DeKalb county, and that the superior court of DeKalb county is without jurisdiction to entertain plaintiffs' suit. The trial judge (passing on the case in vacation by consent of counsel for plaintiffs and defendants) sustained the amended demurrer and the first and second grounds of the original demurrer, over-ruled all the other grounds, and dismissed the action. The first ground of the original demurrer is to the effect that the petition shows that the Lumpkin Investment Company is in possession of the land in question, and therefore an ejectment suit will not lie against the defendants Broyles and Callaway. The second ground alleges that Broyles and Callaway reside in Fulton county, and, as they are not proper parties in an ejectment suit, the suit can not be maintained against them for the purpose of canceling the deed referred to in the petition as having been made to them by Ellen A. Adams. The amended demurrer alleges that no defendant here sued is a resident of DeKalb county, and that DeKalb superior court is without jurisdiction to entertain the suit. To the judgment sustaining the demurrers and dismissing the action the plaintiffs excepted.

*Bachman & Simmons,* for plaintiffs.

*Green, Tilson & McKinney,* for defendants.

HILL, J. The plaintiffs assign error on the order of the court dismissing the petition upon the defendants' demurrer. The suit was brought in the county where the land involved was located and in which none of the defendants resided. If it was an action "respecting title to lands," the venue was properly laid; but if an equitable action, the court did right in dismissing it for want of jurisdiction. The prayer of the petition is not only to recover the land in ejectment, but also to cancel the deeds from Mrs. Adams to Broyles and Callaway and from the latter to the Lumpkin In-

vestment Company. One test as to whether a suit to recover land is one of ejectment simply, and is a case "respecting title to land," is whether the plaintiff can recover on his title alone, or whether he must ask the aid of a court of equity in order to recover. If the allegations are sufficient to show that the plaintiff can recover on his title alone without the aid of a court of equity, the case is one of ejectment or complaint for land. But if this is not the case, and equitable aid is necessary and asked, the petition is equitable in character. In the present case the petition alleges title in Mrs. Adams, who was the mother of some and grandmother of another of the plaintiffs. It also alleges title out of her and into Broyles and Callaway; and from the latter into the Lumpkin Investment Company. Thus it appears that the plaintiffs could not recover on that chain of title; for it shows the title on which they seek to recover out of their ancestor and into some of the defendants. In order, therefore, to recover they must get rid of the titles to Broyles and Callaway and to the Lumpkin Investment Company. And to do that they invoke equitable relief by praying that those deeds be canceled for the reasons set out in the petition. This relief is clearly equitable, and not such as a court of law can afford. *Martin* v. *Gaissert,* 134 *Ga.* 34, 39 (67 S. E. 536) ; *Smith* v. *Bryan,* 34 *Ga.* 53-61. In order to recover, therefore, the petitioners must obtain substantial equitable relief against Broyles and Callaway, who reside in Fulton county. Their deeds are sought to be canceled. The plaintiff can not proceed without them as parties. And the rule in such cases is provided by the constitution, which declares that "Equity cases shall be tried in the county where a defendant resides against whom substantial relief is prayed." Art. 6, sec. 16, par. 3 (Civil Code, § 6540). See *Brown* v. *Martin,* 137 *Ga.* 338, 344 (73 S. E. 495, 39 L. R. A. (N. S.) 16) ; *Martin* v. *Gaissert,* supra; *Saffold* v. *Scottish-American Mortgage Co.,* 98 *Ga.* 785 (27 S. E. 208). As substantial relief is prayed against Broyles and Callaway, who reside in Fulton county, the superior court of DeKalb county has no jurisdiction over them.

As the above ruling on the question of jurisdiction disposes of the case, it is unnecessary to decide whether a widow to whom and her minor children a year's support has been set apart in realty can convey the real estate. In this connection see *Howard* v. *Pope,* 109 *Ga.* 259 (34 S. E. 301) ; *Cox* v. *Cody,* 75 *Ga.* 175 (2) ;

*Swain* v. *Stewart,* 98 *Ga.* 366 (2), 368 (25 S. E. 831) ; *Ferris* v. *Van Ingen,* 110 *Ga.* 102 (7), 118 (35 S. E. 347) ; *Ragan* v. *Shiver,* 130 *Ga.* 474 (61 S. E. 1). The court did not err in sustaining the demurrers.

*Judgment on the main bill of exceptions affirmed. Cross-bill of exceptions dismissed. All the Justices concur, except Lumpkin, J., disqualified.*