## THOMAS *v.* CALHOUN NATIONAL BANK.

RUSSELL, C. J. The action was against two defendants, one alleged to be a resident of Gordon County, Georgia, and the other a resident of the State of Oklahoma. The prayers were for a judgment against the first defendant upon two notes on which he was surety, and as to which notes the other defendant had assumed no liability. The equitable relief prayed for was the cancellation of a deed made by the first-named defendant to the other, upon grounds stated in the petition. The defendant who was alleged to be a resident of Gordon County, Georgia, filed a plea to the jurisdiction of the court, properly setting forth that he was a resident of Muscogee County and subject to the jurisdiction of the superior court of that county. The defendant resident in the State of Oklahoma appeared and pleaded, thereby waiving the court's want of jurisdiction. The court struck the plea of the defendant who asserted that the superior court of Gordon County was without jurisdiction. *Held:*

1. In striking the plea to the jurisdiction, without passing upon the issue of fact thereby presented, the court in effect adjudged that, even though this defendant was a resident of Muscogee County, the court still had jurisdiction by reason of the waiver or consent of the other defendant. In so holding the court erred. "All petitions for equitable relief shall be filed in the county of the residence of one of the defendants against whom a substantial relief is prayed." Civil Code, § 5527. A party by consent, express or implied, cannot give jurisdiction to the court as to the person or subject-matter of the suit. And though jurisdiction may be waived by a party so far as his rights are concerned, this waiver is ineffectual to prejudice the rights of another directly affected by the result of the suit. Civil Code, § 5663; *White* v. *North Georgia El. Co.,* 139 *Ga.* 587 (3), (4) (77 S. E. 789) ; *Jackson* v. *So. Flour & Grain Co.,* 146 *Ga.* 453 (91 S. E. 481) ; *Ray* v. *Hicks,* 146 *Ga.* 685 (92 S. E. 48). See also *Dix* v. *Dix,* 132 *Ga.* 630, 632 (64 S. E. 790) ; *Lott* v. *Waycross,*

152 *Ga.* 237, 241 (110 S. E. 217). As to the subject-matter, the jurisdiction of a court is limited by the power conferred upon it by law, and cannot be given additional jurisdiction by waiver.

2. An action for cancellation of a deed, where the grantee resides without this State and the grantor resides within this State, should be brought in the county of the residence of the latter.

3. The error in the ruling upon the plea to the jurisdiction rendered the subsequent proceedings in the trial nugatory, and therefore obviates the necessity of this court's ruling upon the remaining assignments of error.                    *Judgment reversed. All the Justices concur.*

No. 3804. FEBRUARY 13, 1924.

Equitable petition. Before Judge Tarver. Gordon superior court. April 21, 1923.

*A. L. Henson,* for plaintiffs in error.

*Maddox, McCamy & Shumate* and *J. G. B. Erwin,* contra.