BUILDERS SUPPLY COMPANY *v.* HOBBS *et al.*

No. 6981. JANUARY 17, 1930.

*Hatcher & Hatcher,* for plaintiff.

*Slade & Swift,* for defendants.

RUSSELL, C. J. The court did not err in sustaining the motion to dismiss the petition in this case. · The petitioner sought to subject to its materialman's lien two lots located in Muscogee County, the ostensible owner and holder of the legal title to said lots being a resident of Harris County, Georgia, but it being alleged that a named non-resident· defendant was the equitable owner of said realty. The right to cancel the deed to the resident of Harris County is expressly disclaimed, and it is alleged that the purpose of the petition is to obtain an adjudication and decree establishing petitioner's lien against the premises to be superior to the title of the defendant resident in Harris County. While it is true that no personal judgment is sought against the defendant, it is manifest from the allegations of the petition that substantial relief is prayed against the defendant resident in Harris County. "All petitions for equitable relief shall be filed in the county of the residence of one of the defendants against whom a substantial relief is prayed." Civil Code (1910), § 5527. And when in an equitable petition substantial relief is prayed against two defendants, one alleged to be a resident of this State, and the other alleged to be a non-resident, the petition should be brought in the superior court of the county in which the resident defendant resides. *Thomas* v. *Calhoun National Bank,* 157 *Ga.* 475 (121 S. E. 808), and cit. In view of.the fact that under the allegations of the petition in this case there can be no foreclosure of the plaintiff's claim of lien until the land of the citizen of Harris County is subjected to the lien, we can not concur in the contention of counsel for the plaintiff that no substantial relief is prayed against Hobbs, the resident of Harris County. See *Smith* v. *Woolard,* 147 *Ga.* 58 (92 S. E. 867); *Brindle* v. *Goswick,* 162 *Ga.* 432 (134 S. E. 83).

Under the allegations of the petition the.suit was not one respecting title to land, so as to bring it within the provision of the con-

stitution requiring that cases respecting title to land shall be tried in the county where the land lies. *Wheatley* v. *Blalock,* 82 *Ga.* 406 (9 S. E. 168). "An equitable petition against a man and his wife, for the purpose of subjecting to judgments against the former, held by the plaintiffs, land to which the wife, as alleged, fraudulently and in collusion with the husband claimed title in order to defeat the collection of the plaintiff's claims, was properly brought in the county of the residence of the husband and wife, although the land was situated in another county. Such an equitable petition was not a suit 'respecting titles to land,' within the meaning of par. 1, sec. 4, art. 6 of the constitution." *Hix* v. *Kiser,* 103 *Ga.* 738 (30 S. E. 583). So we conclude that the superior court of Muscogee County was without jurisdiction of the case, and that the judge did not err in sustaining the motion to dismiss the petition.    *Judgment affirmed.    All the Justices concur.*