COOK *v.* GRIMSLEY *et al.*

No. 8785. JULY 15, 1932.

W. I. *Geer,* for plaintiff.   A. B. *Conger,* for defendants.

BELL, J.   Millie Cook, by Will Cook as next friend, brought a suit in Miller County against L. Cook, a resident of that county, and J. U. Grimsley, a resident of Decatur County.   The petition also named the plaintiff herself as a party defendant therein, she being a resident of Miller County.   The defendant Grimsley demurred to the petition upon the following among other grounds: (1)   The petition is demurred to generally and as a whole, because the same sets forth no legal or equitable cause of action. (2)   The petition is demurred to generally and as a whole, because it appears from the allegations therein that said suit is not an action respecting the title to land, but is an equitable cause, and that J. U. Grimsley, the defendant against whom substantial relief is prayed, is not a resident of Miller County, but is a resident of Decatur County, Georgia.   The trial judge sustained all grounds of the demurrer and dismissed the petition.   The plaintiff excepted.

The main question for decision is one relating to jurisdiction, and requires a determination of whether the action is a suit respecting title to lands, or is a petition for equitable relief.   The following facts as stated in the petition will be sufficient to show the character of the action:   The plaintiff, Millie Cook, is about 82 years of age; and although she has never been judicially determined to be non compos mentis and no guardian has been appointed for her or for her property, she is nevertheless an imbecile and has been such for more than 25 years.   On January 27, 1927, she, along with the defendant L. Cook, executed and delivered a note and security deed to one P. E. Wilkin.   At the time of this transaction, her understanding and reason were entirely gone, and she was wholly incapable of executing such note and security deed.   This security deed purported to convey 550 acres of land belonging to the plaintiff, including lot 253 in the twelfth district of Miller County, and contained a power of sale.   The security deed also purported to convey certain lands belonging to L. Cook, who joined the plaintiff in the execution of such instrument.   Sometime after the execution of this security deed the grantee, P. E. Wilkin, sold and transferred the same, together with the note secured thereby, to defendant Grimsley.   After thus acquiring the note and security deed, Grimsley as

transferee, purporting to act under the power of sale, advertised and sold lot 253 and became the purchaser at such sale, executing to himself a deed of conveyance thereto by himself as attorney in fact for the plaintiff and L. Cook, the grantors in the security deed. Because of the plaintiff's mental incapacity to execute the same, the security deed executed by the plaintiff and L. Cook on January 17, 1927, is absolutely void and is a cloud upon the plaintiff's title, and should be delivered up and canceled. Also the deed executed by J. U. Grimsley as attorney in fact for Millie Cook and L. Cook, under the power contained in such security deed, is for the same reason totally void and should be delivered up and canceled as a cloud upon the plaintiff's title.

The defendant Grimsley is now advertising other lands of the plaintiff referred to and described in the security deed, and will sell the same unless enjoined; and if the defendant Grimsley should make a deed to some one-else, or to himself, such deed would become a cloud upon the plaintiff's title and would involve her in a multiplicity of suits and litigations. The defendant Grimsley is in possession of lot 253 as described above, and is claiming the title thereto solely in virtue of the security deed of January 17, 1927, and of the subsequent sale of this land under the power of sale contained in such deed. The plaintiff claims the title to these lands and is the true owner thereof. The defendant Grimsley, however, refuses to deliver to the plaintiff the possession of the land or to pay her the profits thereof amounting to the yearly value of $500.

The prayers of the petition were that the plaintiff "have and recover a verdict and judgment against J. U. Grimsley for the recovery of lot of land No. 253 in the 12th land district of [Miller] county, decreeing the title to be in her, and that she do have and recover a verdict and judgment against him for the rents of said land at the sum of $500 per year;" that the defendant Grimsley be enjoined from advertising or selling other lands described in the security deed of January 17, 1927; that the deed executed by Grimsley as attorney in fact for Millie Cook and L. Cook, conveying to himself lot of land No. 253 and executed in pursuance of the power of sale contained in such security deed, be delivered up and canceled as a cloud upon the plaintiff's title; that the plaintiff have such other and further relief as will protect her rights and interests; and that process do issue according to law.

The petition alleges, in effect, that because of mental incapacity on the part of the plaintiff a security deed executed by her and L. Cook in 1927 was null and void as to the plaintiff and should be delivered up and canceled. Among the lands of the plaintiff conveyed by this security deed was lot of land No. 253 in the twelfth district of Miller County. This lot was later sold under a power of sale contained in the security deed, and at such sale was purchased by the holder of the security deed. The deed executed in pursuance of this sale was also void and should be canceled as a cloud upon the plaintiff's title. The defendant, J. U. Grimsley, is now in possession of lot of land No. 253 and is claiming the same in virtue of these conveyances. As the present holder of the security deed, he will sell other lands belonging to the plaintiff unless he is enjoined from so doing, and in case of such additional sales the plaintiff will be involved in a multiplicity of suits. In virtue of these facts, the plaintiff prayed for a verdict and judgment "for the recovery of lot of land No. 253, . . . decreeing the title to be in her," and for the recovery of rents and profits, and for cancellation, injunction, and general equitable relief.

The suit was filed in Miller County, this being the county in which the land was located. L. Cook, a resident of Miller County, was named as one of the defendants, and the petition also attempted to make the plaintiff herself a defendant in the action, she being a resident of that county. The defendant Grimsley is a resident of Decatur County, and no relief was prayed against any other party. Grimsley demurred to the petition upon the ground that it set forth no cause of action, and also upon the ground that the court was without jurisdiction as to this defendant.

If the suit was an action respecting the title to lands, it was rightly brought in the County of Miller. Civil Code (1910), § 5528. Upon the other hand, if it was action for equitable relief, it was necessary that it be filed in the county of the residence of one of the defendants against whom substantial relief was prayed. § 5527. No relief could be had by the plaintiff against herself; and hence the fact that the plaintiff was a resident of Miller County and was a grantor in one of the deeds sought to be canceled would not place the venue in Miller County, notwithstanding the plaintiff designated herself as a party defendant.

In the case of *Taylor* v. *Colley*, 138 *Ga.* 41 (74 S. E. 694), it

was held that a suit to cancel a deed could be brought in the county of the residence either of the grantor or of the grantee; but in that case the plaintiff was neither the grantor nor the grantee, and there is nothing in that decision to support the proposition that a plaintiff who is a grantor can fix the venue of an equitable action in the county of his own residence by making himself a party defendant as well as plaintiff in the action. No sort of relief is prayed as against the defendant L. Cook, and therefore the fact that this defendant was a resident of Miller County does not affect the question of jurisdiction. Accordingly, the case should be treated as an action solely against the defendant Grimsley, and if the suit was not one respecting the title to lands, but was a petition for equitable relief, it should have been brought in the county of Decatur, this being the county in which the defendant Grimsley resided. In *Frazier* v. *Broyles*, 145 *Ga.* 642 (89 S. E. 743), a suit was brought to recover certain land and to cancel deeds executed by some of the defendants, and the petition showed upon its face that in order for the plaintiffs to recover it was necessary that the deeds be canceled and the plaintiffs accorded equitable relief. All the defendants resided in a county other than that in which the land was situated and in which the suit was brought, and upon this state of facts it was held by this court that the trial court properly sustained a demurrer and dismissed the petition for want of jurisdiction. In the opinion by Mr. Justice Hill it was said: "The prayer of the petition is not only to recover the land in ejectment, but also to cancel the deeds. . . One test as to whether a suit to recover land is one of ejectment simply, and is a case 'respecting title to land,' is whether the plaintiff can recover on his title alone, or whether he must ask the aid of a court of equity in order to recover. If the allegations are sufficient to show that the plaintiff can recover on his title alone without the aid of a court of equity, the case is one of ejectment or complaint for land. But if this is not the case, and equitable aid is necessary and asked, the petition is equitable in character." See also *Saffold* v. *Scottish American Mortgage Co.*, 98 *Ga.* 785 (27 S. E. 208) ; *Ellis* v. *Farmer*, 119 *Ga.* 238 (46 S. E. 105) ; *Fulgham* v. *Pate*, 77 *Ga.* 454 ; *Johnson* v. *Griffin*, 80 *Ga.* 551 (7 S. E. 94).

Another rule, and perhaps the cardinal rule, by which to determine the character of the action is to ascertain the intention of

the pleader as disclosed by the allegations and prayers of the petition. *Steed* v. *Savage,* 115 *Ga.* 97 (41 S. E. 272) ; *Athens Mfg. Co.* v. *Rucker,* 80 *Ga.* 291 (2), 294 (4 S. E. 885) ; *Bernstein* v. *Fagelson,* 166 *Ga.* 281 (142 S. E. 862) ; *Rucker* v. *Mobley,* 44 *Ga. App.* 705 (162 S. E. 851). This is true for the reason that the rules of interpretation and construction applicable to pleadings are the same as those pertaining to other writings and documents, with respect to all of which the principal rule of construction is to ascertain the intention of the parties. *Citizens & Southern Bank* v. *Union Warehouse Co.,* 157 *Ga.* 434, 443 (122 S. E. 327). In the present case we are considering mainly the matter of jurisdiction, and not the question of the plaintiff's ultimate right to the relief prayed for. If we should construe the suit under consideration to be one respecting the title to lands, we would necessarily hold that the plaintiff would not be entitled to any equitable relief whatsoever, notwithstanding the petition contains numerous allegations and prayers by which she has sought to obtain such relief. This is true for the reason that in a suit which is strictly an action respecting the title to lands, and which therefore is brought in the county in which the land is situated, the court has no jurisdiction to grant equitable relief as to a defendant who is a resident of another county in this State. *Vizard* v. *Moody,* 115 *Ga.* 491 (41 S. E. 997) ; *Townsend* v. *Brinson,* 117 *Ga.* 375 (43 S. E. 748) ; *Etowah Milling Co.* v. *Crenshaw,* 116 *Ga.* 406 (42 S. E. 709).

The plaintiff here insists upon her right to equitable relief, and, upon a construction of the petition as a whole, this appears to be the gravamen of the action. Although, as stated above, the plaintiff can not have such relief if the suit be construed strictly as an action for land, the converse of this proposition would not be true. In other words, upon a similar action brought in the county of the defendant's residence, the plaintiff, on proof of the allegations, could obtain both legal and equitable relief, including a decree with respect to the title to the land. *Baxter* v. *Camp,* 126 *Ga.* 354 (54 S. E. 1036). It thus appears that the plaintiff's own interest is best served by considering the petition as a suit in equity, and one of the rules of construction is that where a petition is ambiguous to the extent that the pleader's intention is not clearly manifest as to what form of action is relied on, the courts, in endeavoring to ascertain the plaintiff's intention, will prima facie presume that

his purpose was to serve his best interest, and will construe the pleadings so as to uphold and not to defeat the action. *Speir* v. *Westmoreland,* 40 *Ga. App.* 302 (3) (149 S. E. 422).

The attorney for the plaintiff contends that the conveyances which are sought to be canceled could be treated as null and void, and that because of her incapacity to execute such deeds she could maintain her action to recover the land, without invoking equitable relief. Whether or not this contention is sound as a matter of law is a question which we will not decide in the present case. See, in this connection, *Taylor* v. *Allen,* 112 *Ga.* 330 (37 S. E. 408); *Jones* v. *Gilpin,* 127 *Ga.* 379 (56 S. E. 426); *Bond* v. *Sullivan,* 133 *Ga.* 160 (65 S. E. 156, 134 Am. St. R. 199); *Whiteley* v. *Downs,* 174 *Ga.* 839 (164 S. E. 318). Whether such relief was necessary or not, the fact remains that the plaintiff has made a decided effort to obtain it, and this seems to be the chief burden of her complaint.

We conclude that the trial judge properly sustained the demurrer and dismissed the petition (cf. *Ruis* v. *Lothridge,* 149 *Ga.* 474 (2), 100 S. E. 635); but our decision is confined solely to the question of jurisdiction, and does not determine the plaintiff's right to maintain a suitable action in the proper county; and the judgment of the trial court should be construed as having no other effect.

*Judgment affirmed.  All the Justices concur.*