## HALE v. TURNER.

HUTCHESON, Justice. "Where any non-resident . . shall claim or own title to or an interest, present or contingent, in any real . . property in this State, service on such non-resident . . owner or claimant may be made by publication in cases affecting such property where proceedings are brought. 1. To remove a cloud therefrom or quiet title thereto. 2. To cancel or set aside deeds, mortgages, liens, or incumbrances thereon. . . 6. To make any decree or order in which the subject of the action is real or personal property in this State, in which a non-resident . . has or may have or claims an interest, actual or contingent, and in which the relief demanded consists wholly or in part in excluding him from an interest therein." Code, § 81-205.

2. Where a suit in equity is brought against a sole defendant non-resident of this State, seeking to cancel and set aside certain deeds as a cloud upon the title of the petitioner, and containing a prayer for general relief, a court of equity, under the prayer for general relief, may decree title to be in the petitioner. In such a case art. 6, sec. 16, par. 3, of the constitution (Code, § 2-4303), which declares that "Equity cases shall be tried in the county where a defendant resides against whom substantial relief is prayed," is inapplicable, and the question is whether any court of equity in this State has jurisdiction. Under the circumstances set out, a court of equity of the county where the land lies has peculiar jurisdiction of such equitable proceeding in rem. *Harris v. Palmore*, 74 Ga. 273, cited approvingly in *Stewart v. Rutherford*, 74 Ga. 435, 441; *Hamil v. Flowers*, 133 Ga. 216, 222 (65 S. E. 961); *Watters v. Southern Brighton Mills*, 168 Ga. 15, 29 (147 S. E. 87). See also *Johnson v. Griffin*, 80 Ga. 551 (7 S. E. 94); *Hutchings v. Merritt*, 165 Ga. 650 (141 S. E. 652).

3. Applying the above rulings, the petition in the instant case was sufficient as against the demurrers interposed, and the court did not err in overruling them.

*Judgment affirmed. All the Justices concur, except Bell, J., who dissents.*

No. 12212. FEBRUARY 18, 1938.

518

*Wyatt & Morgan,* for plaintiff in error.   *Duke Davis,* contra.