SWEAT *et al. v.* ARLINE.

No. 12169. MAY 12, 1938. ADHERED TO ON REHEARING, JULY 1, 1938.

*Frank S. Twitty,* for plaintiff in error. *S. P. Cain,* contra.

JENKINS, Justice. The holder of a junior security deed brought his petition against the assignee of a senior security deed, her attorney who was advertising the property for sale under a power in the deed, and against the owner of the land and the publisher of the newspaper advertising the land for sale. It was alleged in effect that the owner of the land had actually paid off the debt of the senior lien, but, instead of having it canceled, fraudulently arranged with the defendant assignee to obtain the assignment in order to defeat the collection of the plaintiff's debt under his junior lien, and that for the purpose of carrying out this scheme the defendants were proceeding to advertise and sell the land under the power in the senior security deed. The prayers were for delivery into court, for cancellation, of the senior security deed, the notes secured thereby, and the assignment thereof, all alleged to be in the possession of the defendant attorney; for an adjustment of the claims and rights of the two alleged lienholders; for a sale of the property to satisfy the claim of the junior lienholder, with a tender to the senior-lien claimant of any amount which she might be

able to show was properly due to her; for an injunction against the advertised sale; and for general relief. The suit was brought in the county, not only where all of the defendants resided except the assignee of the senior security deed, who it was alleged was a resident of another State, but where the land also lay. The defendants demurred to the petition on grounds that it did not state a cause of action for any legal or equitable relief; that while the plaintiff sought to remove a cloud on the title to the property, he failed to allege that it was in his possession; that the petition showed that the court was without jurisdiction of the non-resident defendant, and no substantial relief was sought or could be obtained against any of the other defendants. The demurrer was overruled on all grounds.

1. While it is not a fraud against the holder of a junior lien for the owner of the land to arrange with a third person for the purchase of an outstanding valid senior lien, for the purpose of thereafter advertising and selling the property thereunder in order to satisfy any actually unpaid debt secured by the senior lien, since in such a legitimate transaction the remedy of the junior lienholder is the payment or tender of the debt secured by the senior lien, the rule would be different, if, as here alleged in the petition by the junior lienholder, the owner of the land had actually paid off the debt of the senior lien, but, instead of having it canceled, fraudulently arranged with the third person to obtain an assignment thereof in order to defeat the claim of the junior lienholder.

2. Although "The general rule is that in order for a plaintiff to maintain an equitable petition to remove a cloud upon his title he must allege and prove possession in himself, an exception to this rule is that where there is any other distinct head of equity jurisdiction sufficient to support the action, possession of the plaintiff is not required." *Morris* v. *Mobley,* 171 *Ga.* 224 (6) (155 S. E. 8); *Mentone Hotel Co.* v. *Taylor,* 161 *Ga.* 237, 242 (130 S. E. 527); *Greenwood* v. *Starr,* 174 *Ga.* 503 (2) (163 S. E. 500). Since the petition alleged fraud and other grounds of equitable jurisdiction, an averment that the plaintiff was in possession of the land was unnecessary.

3. The amended petition alleged, with respect to the junior lien claimed by the plaintiff, that in 1926 the former owner of the land executed to him a deed, which was recorded, conveying the

land to secure a debt of $1500; that the principal and interest of this debt "is due and no part thereof has been paid;" that thereafter the owner died, "leaving surviving her a husband and several children, including the defendants," the present owner and the assignee of the senior lien, referred to in paragraph 1; that in 1928, "all of the heirs of said [former owner], except [the present owner], executed to [her] their deed of conveyance" to the land in question, in consideration of her assumption of the indebtedness of the senior lien; and that "under said deed [to her] the defendant [the present owner] took possession of said lands and is now in possession of the same." The defendants demur generally to the petition on the ground that these averments show that the present owner went into possession under the deed to her, made in 1928, that the petition was filed in January, 1937, and that it therefore shows on its face that the defendant, the present owner, has acquired a good prescriptive title by virtue of her nine years of alleged adverse possession under the color of title of her deed.

(a) The petition having been filed and the alleged adverse possession antedating the act approved February 23, 1937 (Ga. L. 1937, p. 755), declaring that "from and after the passage of this act prescription shall not run against the paper or holder of a mortgage, deed to secure debt, . . or other instrument creating a lien on or conveying an interest in real or personal property as security for debt, in favor of a person who has actual or constructive notice of such instrument," that act is not controlling in this case.

(b) Until after a default by the grantor, the grantee in a security deed has no right of entry such as will authorize him to maintain an action against the grantor for recovery of the land, with the accompanying right to apply the rents and profits until they are sufficient to discharge the debt. *Paden* v. *Phœnix Planing Mill,* 140 *Ga.* 46 (78 S. E. 412); *Capps* v. *Smith,* 175 *Ga.* 795 (4) (166 S. E. 234), and cit.; *Polhill* v. *Brown,* 84 *Ga.* 338 (9, 10) (10 S. E. 921); *Alston* v. *Wingfield,* 53 *Ga.* 18; *Hill* v. *Winn,* 60 *Ga.* 337; *Stevens* v. *McCurdy,* 124 *Ga.* 456, 458 (52 S. E. 762). A purchaser from the grantor in the security deed, therefore, claiming an adverse possession under color of title, before the act of February 23, 1937, could not acquire such a possession as against the grantee until the maturity of some part of the debt gave to the

grantee a right of entry and ejectment to oust the grantor or a purchaser claiming under him. In other cases decided by this court, the debt of the security deed or bond for title was in default, with a right of entry and ejectment in the creditor prior to the beginning of the prescriptive period claimed. See *Toney* v. *Ledford*, 184 *Ga.* 856, 858 (193 S. E. 761) ; *Chandler* v. *Douglas,* 178 *Ga.* 11 (172 S. E. 54) ; *Martin* v. *Ware,* 179 *Ga.* 733 (177 S. E. 565). See also *Fry* v. *Shehee,* 55 *Ga.* 208 (3, 13), 212, in which the holding that a purchaser from a mortgagor can acquire no prescriptive title against a mortgagee holding a duly recorded mortgage, was largely based upon the rule that a mortgagee, having "no right of entry, . . can not maintain ejectment; and as he can not eject the person in possession of the land," such possession could not be "adverse to him." See also *Baxter* v. *Phillips,* 150 *Ga.* 498 (104 S. E. 196), and cases there discussed. The petition, wholly failing to show whether or when the debt of the plaintiff's security deed became in default before the date of suit, was not subject to this ground of general demurrer.

(*c*) "Permissive possession can not be the foundation of a prescription, until an adverse claim and actual notice to the other party." Code, § 85-402. "Possession remaining with the grantor and never surrendered is held under the grantee, and is not adverse to his title; and neither prescription nor the statute of limitations is available as a defense to an action of ejectment founded on the deed." *Jay* v. *Whelchel,* 78 *Ga.* 786, 789 (3 S. E. 906) ; *Rucker* v. *Rucker,* 136 *Ga.* 830 (2) (72 S. E. 241); *Melson* v. *Leigh,* 159 *Ga.* 683 (126 S. E. 718); *Johnson* v. *Hume,* 163 *Ga.* 867 (137 S. E. 56). This rule, applicable to grantors in security deeds and vendees under bond for title, applies also to an heir, the "heir at law succeeding to [such a vendee's] possession [standing] in his shoes as to rights, and also as to disabilities and estoppels." This principle is "closely analogous to the rule applicable in cases where the rights of persons holding under landlords are involved." Powell on Actions for Land, §§ 375, 392. Accordingly, in such cases the debtor's "possession, and after his death the possession of his heirs, [are] permissive, and no prescription can be based on such possession." *Doris* v. *Story,* 122 *Ga.* 611 (4), 615 (50 S. E. 348) ; *McMath* v. *Teel,* 64 *Ga.* 595 (4), 599 ; Tanner *v.* John Hancock Mutual Life Ins. Co., 73 Fed. (2d) 382, 383.

Nothing contrary to this rule was decided by the holding in *Toney* v. *Ledford,* supra, that "the judgment of a court of ordinary purporting to vest title to the land of a decedent in his widow and minor children is generally color of title on which prescription can be based," even as against a grantee in a security deed, whose debt is in default, which decision was based on similar rulings in *Johnson* v. *Key,* 173 *Ga.* 586 (160 S. E. 794), and *Norris* v. *Dunn,* 70 *Ga.* 796 (*b*). In the *Toney* case, it appeared that not only had the debt matured, but, so far as the record indicated, no objection had been made by the grantee in the security deed to the grant of the year's support before the beginning of the prescription. See also, as to the nature of a claim of year's support as adverse and superior to the claims of heirs, ordinary lienholders, and legatees, Code (ann. book 31), § 113-1002 and cit.; *Farris* v. *Battle,* 80 *Ga.* 187 (7 S. E. 262). The petition not only failing to show that the debt of the plaintiff's junior security deed was in default, but showing that the defendant present owner, in possession, held under a deed from the other heirs of the grantor, who executed the security deed to the plaintiff, and that, as an heir herself, she still owned and claimed in part only by descent from the grantor in plaintiff's security deed, she "stood in the shoes" of such grantor, and could not set up an adverse prescriptive title against the plaintiff grantee.

4. A general demurrer should be overruled, if the alleged facts entitle the plaintiff to any of the substantial relief prayed. *Arteaga* v. *Arteaga,* 169 *Ga.* 595 (4) (151 S. E. 5); *Robinson* v. *Georgia Savings Bank &c. Co.,* 185 *Ga.* 688, 694 (196 S. E. 395). Accordingly, even though the petition sought an ungrantable personal judgment against the defendant now owning the land, in the absence of any assumption by her of the plaintiff's debt contracted by the former owner of the land, there were other proper allegations and prayers, seeking in effect a foreclosure of the plaintiff's deed and other relief in rem.

5. While it is true that a petition to cancel a deed or lien or to remove a cloud on the title to land is not a suit "respecting titles to land," within the meaning of the Code, §§ 2-4302 and 3-203, so as to give jurisdiction against the resident of another county of this State to the superior court of the county where the land lies *(Cook* v. *Grimsley,* 175 *Ga.* 138, 140, 143, 165 S. E. 30;

*Frazier* v. *Broyles,* 145 *Ga.* 642, 89 S. E. 743; *Southern Title Guarantee Co.* v. *Lawshe,* 137 *Ga.* 478, 73 S. E. 661; *Chosewood* v. *Jones,* 146 *Ga.* 804, 92 S. E. 646; *Clayton* v. *Stetson,* 101 *Ga.* 634, 638, 28 S. E. 983), still if the only defendant in an equitable petition for relief in rem be a non-resident of the State, the courts of this State may take jurisdiction for the purpose of applying any recognized equitable principle affecting property located in this State, such as the removal of a cloud on the title, the cancellation or foreclosure of liens thereon, and may grant an order or decree operating in rem with reference to such property, and having the effect of excluding the non-resident from an interest therein. *Watters* v. *Southern Brighton Mills,* 168 *Ga.* 15, 28-30 (147 S. E. 87), and cit.; *Faughnan* v. *Bashlor,* 163 *Ga.* 525 (136 S. E. 545); *Edwards Mfg. Co.* v. *Hood,* 167 *Ga.* 144 (3, 4) (145 S. E. 87); Roller *v.* Holly, 176 U. S. 398, 405 (20 Sup. Ct. 410). In pursuance of such powers in the Georgia courts, service may be perfected on a non-resident by publication in the manner prescribed by the Code, §§ 81-205 et seq. Accordingly, the courts of this State were not without jurisdiction to grant relief against the non-resident assignee of the senior lien. If such a suit were brought solely against a non-resident of the State, the provisions of the Code, § 3-201, requiring that "all civil cases at law (except as otherwise provided by law) shall be tried in the county wherein the defendant resides," and of § 2-4303, requiring that "equity cases shall be tried in the county where a defendant resides against whom substantial relief is prayed" (§ 3-202), could have no application, and a suit thus maintained solely against a non-resident of this State would have to be brought in the county where the property was located. *Harris* v. *Palmore,* 74 *Ga.* 273; *Hale* v. *Turner,* 185 *Ga.* 516 (195 S. E. 423), and cit.; *Watters* v. *Southern Brighton Mills,* supra.

6. Where, however, such an equitable petition in this case was brought by a junior lienholder, not only against an assignee of a senior lien residing in another State, but also against and in the county of the residence of her attorney in possession of and actively foreclosing the lien instruments under a power contained therein (see *Sellers* v. *Page,* 127 *Ga.* 633, 637-639, 56 S. E. 1011, distinguishing *Meeks* v. *Roan,* 117 *Ga.* 865, 45 S. E. 252; *Babson* v. *McEachin,* 147 *Ga.* 143 (3-a), 93 S. E. 292), and also against

and in the county of the residence of the owner of the property, praying for cancellation of the senior lien and the alleged fraudulently procured assignment thereof, and for a foreclosure of the petitioner's junior lien, and for injunction and other proper equitable relief, and where the relief so prayed against the parties joined with such non-resident was thus substantial and not merely incidental to that prayed against the non-resident, the situs of the suit was properly laid in the county where the residents of this State resided. *Builders Supply Co.* v. *Hobbs,* 169 *Ga.* 777, 780 (151 S. E. 485) ; *Thomas* v. *Calhoun National Bank,* 157 *Ga.* 475 (2) (121 S. E. 808) ; *Roberts* v. *Burnett,* 164 *Ga.* 64 (2, 3) (137 S. E. 773). Even if the jurisdiction of the court of the county of the resident defendants did not in and of itself operate to confer jurisdiction to grant relief in rem as to the non-resident with respect to the property located in this State, since the suit was brought, not only in the county of the resident defendants, but also in the county where the property actually lay, the situs was for this additional reason proper.

7. In accordance with the foregoing rulings, the court did not err in overruling the demurrer to the petition, either on the ground that it failed to set forth a cause of action for legal or equitable relief, or on the ground that the court was without jurisdiction.

*Judgment affirmed. All the Justices concur.*