*James A. Mackay, Thomas O. Davis,* for plaintiff in error.
*Sam G. Dettelbach,* contra.

## 19806. DAVIS *v.* DAVIS.

SUBMITTED SEPTEMBER 12, 1957—DECIDED OCTOBER 15, 1957.

*Grace W. Thomas, Reuben A. Braswell,* for plaintiff in error.
*Clay Davis, Barrett & Hayes,* contra.

ALMAND, Justice. The sole exception under review is to an order sustaining a general demurrer, asserting want of jurisdiction, to a petition for permanent alimony.

Dora Green Davis, alleging that she was a resident of Fulton County, Georgia, filed her suit in the Superior Court of Fulton County against Ernest N. Davis, a resident of New York, seeking to subject by decree all of the right, title, and interest of the defendant in and to certain described real estate situated in Stephens County, Georgia, as permanent alimony. There was a prayer that the defendant be served by publication. The defendant demurred to the petition on the ground that the petition showed that the court was without jurisdiction of the property against which the judgment was prayed.

Although the courts of this State have authority to seize the property of a nonresident defendant which is located within this State and to apply it to the payment of his debts by a judgment

582

or decree *in rem* (*Dearing* v. *Bank of Charleston*, 5 *Ga.* 497 (3), 48 Am. D. 300; *Pendley* v. *Tumlin*, 181 *Ga.* 808, 184 S. E. 283), and although the property of a nonresident husband which may be found in this State may be seized and appropriated to the support of his wife by proper proceedings *quasi in rem*, in a court of equity which has jurisdiction of the subject matter and possession of a *res* which may be subjected (*Forrester* v. *Forrester*, 155 *Ga.* 722, 118 S. E. 373, 29 A. L. R. 1363; *Grimmett* v. *Barnwell*, 184 *Ga.* 461, 192 S. E. 191, 116 A. L. R. 257; *Fain* v. *Nix*, 189 *Ga.* 772, 7 S. E. 2d 733), where the sole relief prayed by a wife is for the award of the property of her husband, a nonresident of this State, as permanent alimony, the action must be brought in the county where the *res* is located. *Harris* v. *Palmore*, 74 *Ga.* 273; *Hale* v. *Turner*, 185 *Ga.* 516 (2) (195 S. E. 423); *Sweat* v. *Arline*, 186 *Ga.* 460 (5), 465 (197 S. E. 893).

It affirmatively appearing that the defendant is a nonresident against whom no personal judgment could be rendered, and that the only relief sought is an award of permanent alimony against the real estate of the nonresident located in Stephens County, there was no error in sustaining the general demurrer of the defendant, asserting want of jurisdiction of Fulton Superior Court to entertain this action.

*Judgment affirmed. All the Justices concur.*