39488.   BOSWELL v. UNDERWOOD et al.

DECIDED OCTOBER 1, 1962.

676

Huie, Etheridge & Harland, Harry L. Cashin, James R. Harland, Jr., for plaintiff in error.

Elijah A. Brown, Chas. M. Clayton, contra.

BELL, Judge. Lucy Boswell, the plaintiff in error, contends that she was the owner in fee simple of the property condemned and, therefore, entitled to its proceeds by reason of her possession under color of title and that no other person or persons have any ownership in the property. She claims that her possession was under color of title which arose by the deed from Belle Glass to John Boswell, the alleged deceased husband of Lucy. Lucy Boswell claimed to be the widow of John Boswell by virtue of having married him in 1935 and living with him as his wife from then to the date of his death in 1952. Her affidavit recites that John Boswell took possession of the property in 1950 under a conveyance from Belle Glass, who had been in open and continued adverse possession of the property beginning in 1936 until her conveyance of the property in February 1950 to John Boswell; that Lucy and John Boswell took possession of the property but allowed Belle Glass to remain in possession; that upon the death of John Boswell on February 1, 1952, Lucy Boswell took possession of the property solely, paid the taxes, and has remained in open, notorious, continued and adverse possession of it without any adverse claims being asserted by anyone until the condemnation order was entered.

Lucy Boswell contends that the evidence is uncontradicted that she is the widow of John Boswell. We do not agree. Testimony of the witness, Marietta Boswell, was that she married

John Boswell in 1929, six years before Lucy married him and that they had two children, one of whom died but the other is living. Other portions of Marietta Boswell's testimony indicate that there was some question as to whether she had previously entered into a common-law marriage to Willie Leggett, but a portion of her testimony was to the effect that she was not married to him. The evidence shows that it was questionable whether Lucy Boswell or Marietta Boswell is the widow of John Boswell.

Clifford Glass also claimed the proceeds of the property. His claim arose from his being the nephew and alleged sole heir of Robert Duncan, who was the brother of Isabelle Glass, who owned the property but who had borrowed $60 from John Boswell to pay some taxes. Glass testified that his grandmother gave some sort of deed to John Boswell for this loan, but she had paid the loan back.

It thus appears that there are an alleged widow, the grandson of a former owner, and the administrator of John Boswell, all claiming the rights to the proceeds of the property condemned.

The appellant's claim was by virtue of adverse possession as the alleged widow of the record title holder from the time of his death in 1952 to the condemning of the property in 1961.

The wife, in order to set up a prescriptive title against the creditor of the husband, must show that her possession under a deed from a third person was adverse to that of her husband. *Hill v. Waldrop*, 57 Ga. 134. After the death of the owner, the possession of the heirs is permissive, not adverse, and no prescription can be based on such possession as against the grantees in security deeds. *Sweat v. Arline*, 186 Ga. 460 (197 SE 893). "Permissive possession cannot be the foundation of a prescription, until an adverse claim and actual notice to the other party." *Code* § 85-402.

The color of title under which Lucy Boswell claims the property was a deed to her alleged husband. If she is indeed his widow, she obviously stands in his shoes as to any rights to the property. If there is another widow by an undissolved prior marriage, the deed to the alleged husband would not be color of title for Lucy. Furthermore, if the deed from Glass to John

Boswell was intended only as security for a loan made by him to Glass, it could be found to be not a deed, but to be the equivalent of a deed to secure debt with the right to redeem being in the heirs or the legal representative of the debtor, Glass. Cf. *Code* § 67-104; *Turner v. Chambers,* 160 Ga. 93 (127 SE 610).

If John Boswell were only the holder of the property as security for a debt, then by analogy to the ruling in the *Sweat* case, Lucy Boswell, even if the legitimate widow, would hold subject to the rights of the debtor to redeem and not adversely to the debtor so as to obtain prescriptive title. If Lucy were not the legitimate widow of John Boswell, we do not see how a deed to him from a third person could operate as color of title to her.

For the reasons indicated, the trial judge properly awarded the administrator the funds arising from the condemnation of the real property. As his order pointed out, the conflicting claims of the parties can be asserted against the administrator, who may bring an action for determination of heirship under Ga. L. 1958, p. 361 et seq. (*Code Ann.* § 113-2801 et seq.).

*Judgment affirmed. All the Judges concur, except Felton, C. J., who dissents.*

FELTON, Chief Judge, dissenting. The act of 1957 (Ga. L. 1957, pp. 387, 396; *Code Ann.* § 36-616a), provides: "When the condemning body has paid into the registry of the court, for the use and benefit of and subject to the demands of the condemnees, the amount of money provided for in the order of the special master, the effect of such payment into the registry of the court shall be the same as if paid to the condemnees directly, and provided that the clerk shall pay out such money to such condemnees, or their personal representative, upon proper proof submitted to him as to the quantity of such interest and, where there are conflicting claims, he may require such conflicting parties to establish their claims before the court as is provided by law in other similar matters."

It is my opinion that the intent of the above statute is that the trial court in such a case as this decide all disputed issues involved and not decide part of them and leave part of them to another tribunal to determine. The title to the condemned land

vested in the heirs of the owner and the court should have decided who was entitled to the condemnation money which stood in place of the land. If there were not sufficient personal assets to pay the deceased husband's debts his administrator could have subjected the money (treated as realty) to the payment of the decedent's debts as far as necessary.