22822. BORDEN et al. v. I.B.C. CORPORATION et al.

SUBMITTED FEBRUARY 8, 1965—DECIDED MARCH 3, 1965.

*Gleason & Brown,* for plaintiffs in error.

*Shaw, Stolz & Fletcher,* contra.

ALMAND, Justice. The case under review involves two judgments granting the motions of two defendants for a summary judgment, their pleas to the jurisdiction and dismissing plaintiffs' equitable petition.

J. W. Borden and his wife brought their petition against I.B.C.

Corporation and Mid-West Homes Acceptance Corporation, both alleged to be corporations chartered by the State of Illinois and nonresidents of Georgia. J. W. Borden alleged: that in 1962 he was the owner of a described tract of land in Walker County; that he and his wife entered into a contract with I.B.C. Corporation to construct a house on said land with the understanding that they would sign a note and security deed when the house was constructed free of defects; that they have discovered that said corporation claims to be the holder of the security deed which purports to convey to it the described property as security for the payment of a $12,143.72 note; and that they did not sign the note and security deed and they are forgeries; that on March 30, 1962, I.B.C. Corporation transferred the security deed to Mid-West Homes, which attempted transfer was null and void for stated reasons; that Mid-West Homes was not an innocent purchaser for value; that Mid-West Homes, acting under the provisions contained in the security deed, at a public sale bought in said property and is now in possession of the same. They alleged that they were entitled to the aid of a court of equity and prayed (a) that the defendants be served by publication; (b) that the security deed and note be canceled as clouds on plaintiff's title; (c) that defendants be restrained from trespassing on said property; (d) that a receiver be appointed and (e) that the defendants be enjoined from transferring or conveying away said property.

Both defendants filed pleas to the jurisdiction. The motions of the defendants for a summary judgment on their pleas were sustained and the petition dismissed.

■ Plaintiffs' contention that their suit involved title to land and since the land in question was in Walker County, the suit could only be brought in Walker County under Art. VI, Sec. XIV, Par. II of the Georgia Constitution (*Code Ann.* § 2-4902), cannot be sustained. Their prayers are not that title be adjudged good and valid in J. W. Borden, but that by reason of certain facts, dehors the title, the security deed to I.B.C. Corporation which divested Borden of title should be annulled. It is a suit respecting the security deed in relation to his title and certain fraudulent acts of the defendants, which, it is alleged, vitiated

■

the title of Borden. *Brown v. Martin,* 137 Ga. 338 (73 SE 495, 39 LRA (NS) 16). A petition to set aside and cancel a deed is not such a suit respecting title to land as must be brought in the county where the land lies, *Cook v. Grimsley,* 175 Ga. 138 (165 SE 30), but must be brought, if the defendant resides in this State, in the county of his residence. *Clayton v. Stetson,* 101 Ga. 634 (28 SE 983). See also *Frazier v. Broyles,* 145 Ga. 642 (89 SE 743).

■ An action for the cancellation of a deed where the grantee resides without this State and the grantor resides within this State should be brought in the county of the residence of the grantor. *Thomas v. Calhoun Nat. Bank,* 157 Ga. 475 (2) (121 SE 808); *Builders Supply Co. v. Hobbs,* 169 Ga. 777, 778 (151 SE 485); *Sweat v. Arline,* 186 Ga. 460, 466 (197 SE 893); *Saffold v. Scottish American Mortgage Co.,* 98 Ga. 785 (27 SE 208). The cases relied upon by the plaintiffs (*Hale v. Turner,* 185 Ga. 516, 195 SE 423; *Johnson v. Griffin,* 80 Ga. 551, 7 SE 94; *Hutchings v. Merritt,* 165 Ga. 650, 141 SE 652; *Watters v. Southern Brighton Mills,* 168 Ga. 15, 147 SE 87) were equitable actions brought against a *sole* defendant who was a nonresident of this State. In those classes of cases service by publication can be had under *Code* § 81-205. As pointed out in *Sweat v. Arline,* 186 Ga. 460, supra, (another case relied on by the plaintiffs), if there be in such cases a resident defendant against whom substantial relief is prayed, the action must be brought in the county where such defendant resides.

■ A foreign corporation doing business in this State may, for the purpose of a suit against it, be treated as a resident of this State and of any county in which it has an agent upon whom service can be perfected. *City Fire Ins. Co. of Hartford v. Carrugi,* 41 Ga. 660; *Williams v. East Tennessee, Va. & Ga. R. Co.,* 90 Ga. 519 (16 SE 303).

I.B.C. Corporation, in support of its motion for a summary judgment, introduced the affidavit of its president that the corporation was authorized to do business in Georgia and that it had its office and place of business at a stated street address in Atlanta, Fulton County, Ga., and at no time had it had an office or place of business in Walker County. Mid-West Homes, in support of its motion for a summary judgment, introduced an

affidavit of its vice-president which stated that Mid-West was a nonresident corporation existing under the laws of the State of Illinois and that at no time prior to the commencement of this action or since said time had it had an office or place of business in Georgia. The plaintiffs offered no counterproof and thus made no issue of fact for the jury. *Crutcher v. Crawford Land Co.,* 220 Ga. 298 (138 SE2d 580).

Under the authorities cited above, this suit, under the allegations in the petition and the evidence adduced on the motions for summary judgment, should have been brought in Fulton County, Ga. The court properly sustained the pleas to the jurisdiction and dismissed the petition.

*Judgments affirmed. All the Justices concur.*