28032. HALL et al. v. HALL et al.

NICHOLS, Justice. On August 30, 1971, a divorce was granted between Odell Hall and James T. Hall, Sr. by the Circuit Court for Volusia County, Florida. Alimony in the amount of one half interest in described real property located in Volusia County, Florida was

awarded the wife. Child support in the amount of $25 per week for each of two children was granted in such decree.

In November of 1972 the present complaint was filed in the Superior Court of Cobb County by Odell Hall individually and as next friend of the two minor children to set aside a deed from James T. Hall, Sr. to his mother, Mrs. T. P. Ford, covering real property located in Cobb County, Georgia. In addition to seeking to have the deed set aside the plaintiff sought service by publication perfected inasmuch as one defendant was a resident of Florida and the other a resident of Alabama, an increase in child support, and title to the property placed in the children. By amendment it was alleged that the deed from the defendant Hall to the defendant Ford was without consideration and the plaintiff sought a special lien on such property for the amount of past due child support under the Florida decree. The complaint also sought to make the judgment of the Florida court the judgment of the Cobb Superior Court.

The trial court held that the action was one in law and not equity and sustained a motion to dismiss because of a lack of jurisdiction over the person of the defendants. The appeal is from this judgment and the sole question presented is whether this action is one where service may be perfected by publication where no defendant is a resident of the State of Georgia. *Held:*

1. Code § 81-205 provides: "Where any nonresident . . . shall claim or own title to or an interest, present or contingent, in any real . . . property in this State, service on such nonresident . . . may be made by publication in cases affecting such property where proceedings are brought . . . 2. To cancel or set aside deeds . . ."

2. Pretermitting the question of whether the complaint would be subject to a motion to dismiss as failing to set

forth a cause of action to set aside the deed, an action in equity will lie to set aside a deed for fraud. Code § 37-709; *Sutton v. McMillan,* 213 Ga. 90 (97 SE2d 139), and cits.

3. In a case seeking the cancellation of a deed, all parties to the deed are necessary parties and the absence of such a material party is a fatal, though amendable, defect. *Emhart Corp. v. McLarty,* 226 Ga. 621 (1) (176 SE2d 698); *Smith v. Merchants & Farmers Bank,* 226 Ga. 715 (177 SE2d 249). Thus, both parties to the deed sought to be set aside were properly named as defendants.

4. Had either party to the deed resided in Georgia, the county of such party's residence would have been the county where the action should have been filed, but where both parties to such deed resided without the state, the county where the land was situated was the proper county to bring the action. *Hale v. Turner,* 185 Ga. 516 (2) (195 SE 423). See also *Borden v. I. B. C. Corporation,* 220 Ga. 688 (141 SE2d 449).

5. The judgment of the trial court holding that the action was one in law and not in equity and that the court did not have jurisdiction since both defendants were nonresidents of Georgia must be reversed.

*Judgment reversed. All the Justices concur.*

ARGUED JULY 10, 1973 — DECIDED SEPTEMBER 5, 1973.

*Ray Gary, Robert E. Bach, Mary Brock Kerr,* for appellants.

*Herman H. Buckner,* for appellees.